1  SEYFARTH SHAW LLP                          SEYFARTH SHAW LLP
   Selyn Hong (SBN 303398)                    Christopher J. Truxler (SBN 282354)
2  shong@seyfarth.com                         ctruxler@seyfarth.com
   560 Mission Street, 31st Floor             400 Capitol Mall, Suite 2350
3  San Francisco, California 94105            Sacramento, California 95814-4428
   Telephone:   (415) 397-2823                Telephone:   (916) 448-0159
4  Facsimile:   (415) 397-8549                Facsimile:   (916) 558-4839

5  SEYFARTH SHAW LLP
   Pamela Q. Devata (admitted *pro hac vice*)
6  pdevata@seyfarth.com
   John W. Drury (*pro hac vice* forthcoming)
7  jdrury@seyfarth.com
   233 South Wacker Drive, Suite 8000
8  Chicago, Illinois 60606-6448
   Telephone:   (312) 460-5000
9  Facsimile:   (312) 460-7000

10 Attorneys for Defendants
   CONFI-CHEK, INC. d/b/a PEOPLEFINDERS and d/b/a
11 ADVANCED BACKGROUND CHECKS, and
   ENFORMION, INC.

12

13

14                    **UNITED STATES DISTRICT COURT**

15                    **EASTERN DISTRICT OF CALIFORNIA**

16

17 DAVID GARZA, NASER ALZER, KIMBERLY        Case No. 2:18-cv-01968-KJM-EFB
   KENNEDY, AMANDEEP SINGH, SAMAH
18 HAIDER, on behalf of themselves and of others   **DEFENDANTS CONFI-CHEK, INC.'S**
   similarly situated,                           **AND ENFORMION, INC.'S ANSWER**
19                                                **AND AFFIRMATIVE AND ADDITIONAL**
                   Plaintiffs,                    **DEFENSES TO PLAINTIFFS' AMENDED**
20                                                **CLASS ACTION COMPLAINT**
            v.
21
   CONFI-CHEK, INC., a holding company for
22 PEOPLEFINDERS.COM, ENFORMION, INC.,
   and ADVANCED BACKGROUND CHECKS,
23
                   Defendants.
24

25

26       Defendants, CONFI-CHEK, INC. d/b/a PEOPLEFINDERS and d/b/a ADVANCED

27 BACKGROUND CHECKS, and ENFORMION, INC. (incorrectly identified in the Amended Complaint

28

as "Confi-Chek, Inc., a holding company for PeopleFinders.com, Enformion, Inc., and Advanced Background Checks") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer and Affirmative and Additional Defenses to Plaintiffs' Amended Class Action Complaint and state as follows:

**COMPLAINT ¶1:**

Plaintiffs **David Garza, Naser Alzer, Kimberly Kennedy, Amandeep Singh**, and **Samah Haider** (hereinafter "Plaintiffs"), individually and on behalf of others similarly situated, brings this class action lawsuit against **Confi-Chek, Inc.** and its subsidiaries **Peoplefinders.com, Enformion, Inc., PublicRecordsNOW.com**, and **Advanced Background Checks** (collectively, all of these entities will be referred to as the "Defendants").

**ANSWER:**

Defendants deny that Peoplefinders.com, Enformion, Inc., PublicRecordsNOW.com, or Advanced Background Checks are "subsidiaries" of Confi-Check, Inc. In further response, Defendants state that Confi-Chek, Inc. does business as "PeopleFinders" and "Advanced Background Checks." Enformion, Inc. is a separate and distinct legal entity from Confi-Chek, Inc. Confi-Chek, Inc. has no corporate affiliation with PublicRecordsNOW.com, which is not a named defendant in the Amended Complaint. Defendants admit that Plaintiffs purport to bring this matter as a class action. Defendants deny all remaining allegations in Paragraph 1 of the Amended Complaint, and specifically deny that they violated any law, and deny that class treatment is appropriate in this action.

## I.     PRELIMINARY STATEMENT

**COMPLAINT ¶2:**

Plaintiffs David Garza, Naser Alzer, Kimberly Kennedy, Amandeep Singh, and Samah Haider, on behalf of themselves and all others similarly situated, complain of Defendants Confi-Chek, Inc., the parent or holding company, and its following subsidiaries: Peoplefinders.com, Enformium [sic] Inc., and Advanced Background Checks, Inc.

**ANSWER:**

Defendants deny that Peoplefinders.com, Enformion, Inc., or Advanced Background Checks are "subsidiaries" of Confi-Check, Inc. In further response, Defendants state that Confi-Check, Inc. does business as "PeopleFinders" and "Advanced Background Checks." Enformion, Inc. is a separate and distinct legal entity from Confi-Chek, Inc. Defendants admit that Plaintiffs purport to bring this matter against the identified entities. Defendants deny all remaining allegations in Paragraph 2 of the Amended Complaint, and specifically deny that they violated any law, and deny that class treatment is appropriate in this action.

**COMPLAINT ¶3:**

This is a consumer class action that arises from the Defendants' willful publication and/or sale of consumers' expunged, expuncted and/or sealed criminal records in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (the "FCRA") and Texas Business and Commerce Code §§ 109.001-.007. Plaintiffs bring this action on behalf of consumers throughout the country who have been the subject of prejudicial, misleading and inaccurate background reports published and/or sold by the Defendants and anticipate adding other relevant state-law causes of action, similar to the Texas statute cited, as appropriate. The Defendants adopted and maintained a policy and practice of failing or refusing to timely update such consumers' criminal record histories to eliminate expunged, expuncted, or sealed cases, thus not accurately reflecting the final disposition.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action as a nationwide class action under the FCRA and Texas Business and Commerce Code. Defendants are without knowledge or information sufficient to form a belief as to what additional claims Plaintiffs may assert. Defendants deny all remaining allegations in Paragraph 3 of the Amended Complaint, and specifically deny that they violated the FCRA, the Texas Business and Commerce Code, or any other law, and deny that class treatment is appropriate in this action.

**COMPLAINT ¶4:**

Despite Defendants' sale of comprehensive background reports of the type that fall squarely within the purview of the FCRA, and despite aggressively marketing themselves - especially through Defendant Enformion, Inc. - to each and every category of consumer that concerns the FCRA (i.e., insurance companies, collection agencies, real estate companies, and corporate human resource departments, just to name a few), Defendants unilaterally declare on their websites that the FCRA does not govern them as a matter of law. As a result, Defendants seek to wrongfully deprive American consumers of the many rights afforded to them by the FCRA, including the right to obtain free copies of reports that Defendants sell about a consumer, the right to dispute inaccurate information, and the right to require that the Defendants only report information that adheres to the standard of maximum possible accuracy. Additionally, Defendants' conduct negatively impacts commerce by improperly gaining a competitive edge over companies who go to the time an expense of complying with the law.

**ANSWER:**

Defendants admit that they are not consumer reporting agencies, admit that they do not prepare or sell consumer reports, and admit that they advise on their websites that they are not consumer reporting agencies under the FCRA. Defendants deny all remaining allegations in Paragraph 4 of the Amended Complaint.

## II. JURISDICTION AND VENUE

**COMPLAINT ¶5:**

This Court has subject-matter jurisdiction under 15 U.S.C. § 1681p, which allows any FCRA claim to "be brought in any appropriate United States district court, without regard to the amount in controversy ...." Plaintiffs are bringing claims under the FCRA in this case.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring FCRA claims in this action and admit that subject matter jurisdiction is proper in this Court. Defendants deny any remaining allegations in Paragraph 5 of the Amended Complaint.

**COMPLAINT ¶6:**

This Court also has subject-matter jurisdiction under 28 U.S.C. § 1331, which gives federal district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiffs are bringing claims under the FCRA in this case.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring FCRA claims in this action and admit that subject matter jurisdiction is proper in this Court. Defendants deny any remaining allegations in Paragraph 6 of the Amended Complaint.

**COMPLAINT ¶7:**

This Court also has subject-matter jurisdiction under 28 U.S.C. § 1367 for supplemental state-law claims. Plaintiffs also are bringing supplemental Texas statutory claims under TEX. BUS. & COM. CODE ANN. §§ 109.001-.007.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring a claim under the identified Texas statute and admit that subject matter jurisdiction is proper in this Court. Defendants deny any remaining allegations in Paragraph 7 of the Amended Complaint.

**COMPLAINT ¶8:**

This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332(a) as there is complete diversity between the parties and the matter in controversy is more than $75,000.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint. In further response, Defendants deny that they violated any law and deny that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶9:**

This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action case where the matter in controversy, exclusive of interest and costs, exceeds $5 million and a member of a class of plaintiffs is a citizen of a state different from any defendant.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint. In further response, Defendants deny that they violated any law and deny that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶10:**

This Court has general-and specific-personal jurisdiction over the Defendants under California Code of Civil Procedure § 410.10 because they are residents of California,

**ANSWER:**

Defendants admit the allegations in Paragraph 10 of the Amended Complaint.

**COMPLAINT ¶11:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) as the Defendants all are from Sacramento, California.

**ANSWER:**

Defendants admit that Confi-Chek, Inc. and Enformion, Inc. are located in Sacramento, California. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

### III.  PARTIES

**COMPLAINT ¶12:**

Plaintiff David Garza is an adult individual and citizen of the State of Texas who resides in Houston, Texas.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint.

**COMPLAINT ¶13:**

Plaintiff Naser Alzer is an adult individual and citizen of the State of Texas who lives in Cedar Park, Texas.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.

**COMPLAINT ¶14:**

Plaintiff Kimberly Kennedy is an adult individual and citizen of the State of Texas who resides in Houston, Texas.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

**COMPLAINT ¶15:**

Plaintiff Amandeep Singh is an adult individual and citizen of the State of Texas who lives in San Antonio, Texas.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

**COMPLAINT ¶16:**

Plaintiff Samah Haider is an adult individual and citizen of the State of Texas who lives in Houston, Texas.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

**COMPLAINT ¶17:**

Defendant Confi-Chek, Inc. is a California corporation with its principal place of business in Sacramento, California. Defendant Confi-Chek, Inc. is the parent or holding company for the other named Defendants, and shares office space, customer service, personnel, data acquisition and management both with and across its named subsidiaries. As such, it provides or controls background screening services, decision-making intelligence, public record reports and operates as a consumer

reporting agency. Defendant and its subsidiaries regularly conduct business in the State of Texas, and it operates a principal place of business at 1821 Q St. Sacramento, CA 95811-6718, an address shared by all the subsidiary Defendants as well. Defendant and its subsidiaries are a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendant Confi-Chek, Inc. can be served with process by serving its agent for the service of process Robert S. Miller at 1821 Q St. Sacramento, CA 95811-6718, or wherever he may be found.

**ANSWER:**

Defendant Confi-Chek, Inc. admits the allegations in the first sentence of Paragraph 17 of the Amended Complaint. Defendant Confi-Chek, Inc. further admits that the address identified in Paragraph 17 is Confi-Chek, Inc.'s principal place of business and that service has been effected in this action. Defendant Confi-Chek, Inc. denies that any other named Defendant is a "subsidiary" of Confi-Chek, Inc., and therefore denies all such related allegations. Defendant Confi-Chek, Inc. denies all remaining allegations in Paragraph 17, and specifically denies that it regularly conducts business in Texas, denies that it is a consumer reporting agency, and denies that it prepares or sells consumer reports.

**COMPLAINT ¶18:**

Defendant Enformion, Inc. is a California corporation with its principal place of business in Sacramento, California. Defendant provides or controls background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant regularly conduct business in the State of Texas, and it operates a principal place of business at 1821 Q St. Sacramento, CA 95811-6718. Defendant is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), and regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendant Enformion, Inc. can be served with process by serving its

1  agent for the service of process Robert S. Miller at 1821 Q St. Sacramento, CA 95811-6718, or

2  wherever he may be found.

3  **ANSWER:**

4      Defendant Enformion, Inc. admits the allegations in the first sentence of Paragraph 18 of the

5  Amended Complaint. Defendant Enformion, Inc. further admits that service has been effected in this

6  action. Defendant Enformion, Inc. denies all remaining allegations in Paragraph 18, and specifically

7  denies that the address identified in Paragraph 18 is Enformion Inc.'s principal place of business, denies

8  that it regularly conducts business in Texas, denies that it is a consumer reporting agency, and denies

9  that it prepares or sells consumer reports.

10  **COMPLAINT ¶19:**

11      Defendants Peoplefinders.com, Enformion, Inc., and Advanced Background Checks are

12  subsidiary business entities that act as alter egos for Confi-Chek, Inc., and each other, as described

13  above, and they provide background screening services, decision-making intelligence, public record

14  reports and operate as consumer reporting agencies. These subsidiary Defendants all operate a principal

15  place of business at 1821 Q Street Sacramento, CA 95811-6718. The Defendants are "consumer credit

16  reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of

17  assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing

18  "consumer reports," as defined in § 1681a(d) of the Act, to third parties. Defendants Peoplefinders.com

19  and Advanced Background Checks, can be served with process by serving Confi-Chek, Inc.'s agent for

20  the service of process Robert S. Miller at 1821 Q St. Sacramento, CA 95811-6718, or wherever he may

21  be found.

22  **ANSWER:**

23      Defendant Confi-Chek, Inc. admits that the address identified in Paragraph 19 of the Amended

24  Complaint is Confi-Chek, Inc.'s principal place of business and that service has been affected in this

25  action. Defendant Confi-Chek, Inc. denies that any other named Defendant is a "subsidiary" of Confi-

26  Chek, Inc., and therefore denies all such related allegations. Defendant Confi-Chek, Inc. denies all

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT
CASE NO. 18-CV-01968-KJM-EFB

remaining allegations in Paragraph 19, and specifically denies that it is a consumer reporting agency, and denies that it prepares or sells consumer reports.

**COMPLAINT ¶20:**

Subject to permission by the Court, Plaintiffs reserve the right to amend this Complaint to include any additional subsidiaries or affiliates uncovered during discovery in this case, which appears likely, given the Plaintiffs' pre-filing difficulty in mapping out the Defendants ownership structure, much less ascertaining whomever else may have purchased, subscribed to, or been given the Confi-Chek, Inc., inaccurate database as their source of background information.[1]

**ANSWER:**

Defendants admit that Plaintiffs purport to reserve the right to further amend their Amended Complaint. Defendants deny that Plaintiffs have the right to amend their Complaint to the extent such purported amendment would be inconsistent with any scheduling order in this case. Defendants admit that Veromi.net, PublicRecordsNOW.com, and PrivateEye.com have no corporate affiliation with Defendants. Defendants deny all remaining allegations in Paragraph 20 of the Amended Complaint.

## IV.  FACTUAL ALLEGATIONS

**COMPLAINT ¶21:**

About one in three Americans has a criminal record of some kind. Eighty-seven percent of employers, 80 percent of landlords, and 66 percent of colleges screen for criminal records. Background checking has become an intractable barrier to the fundamental needs of life for huge numbers of people with criminal records and has become a significant cause of poverty in this country, a phenomenon known as collateral consequences.

---

[1] For instance, Defendants Veromi.net, PublicRecordsNOW.com, PrivateEye.com, who appeared in Plaintiffs' Original Complaint have been dropped after repeated representations from opposing counsel and an affidavit from parent-Defendant, Confi-Chek, Inc., that no corporate affiliation, past or present, with the named Defendants and these entities exists, and that these former Defendants have never used Confi-Chek's data as a "white-label" product or service. As all three dropped Defendants surprisingly listed, as of the date of initial filing, Confi-Chek's corporate headquarters as their privacy contact location in their respective online Privacy Policies, Plaintiffs certainly reserve the right to amend should discovery show such relationships did indeed exist (in fact, after suit was filed, two of the three companies removed Confi-Chek's name from said Privacy Policies).

10

**ANSWER:**

Paragraph 21 consists entirely of characterizations relating to background screening and, therefore, no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint. In further response, Defendants state that they are not consumer reporting agencies, do not perform background screening on consumers, and do not prepare or sell consumer reports.

**COMPLAINT ¶22:**

To alleviate this burden, most states expanded their expungement or sealing laws between 2009 and the present. For instance, Texas passed its own such protective provisions in 2013, which is today codified in Texas Business and Commerce Code §§ 109.001-.007. These state laws, of course, provide additional remedies and protections to those found in the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq), which has long forbidden the publication and reporting of expunged or sealed records. Despite the efforts of Congress and various state legislatures, however, the commercial screening industry's continued publication and reporting of expunged cases threatens to undermine the whole strategy of broadening expungement as a remedy for the harm of collateral consequences.

**ANSWER:**

The first three sentences of Paragraph 22 of the Amended Complaint consist entirely of a purported summary of the referenced statutes and purported characterization of the law and, therefore, no answer is required. To the extent an answer is required, Defendants state that the referenced statutes are the best evidence of their contents and deny any allegations in Paragraph 22 that are inconsistent with the referenced statutes. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 22. In further response, Defendants state that they are not consumer reporting agencies, do not perform background screening on consumers, and do not prepare or sell consumer reports.

**COMPLAINT ¶23:**

Moreover, the proliferation of background check companies, numbering in the hundreds and all charging subscription or access fees, creates insurmountable logistical and financial obstacles to anyone wanting to insure his or her expunged criminal record was, in fact, removed from publication by the universe of online businesses operating in this field. First, someone would need to locate every reporting site, which is practically impossible and, second, pay to join every site and then negotiate the removal of any wrongful publication of expunged or sealed records found, on a site-by-site basis. More difficult still, a number of background reporting companies, such as the Defendants in this case, employ multiple online "storefronts," each branded with a different name but all using the same employees and database. By this method, they attempt to confuse clients and avoid any and all regulation by disclaiming that they are governed by the FCRA at all. Needless to say, but the only reason not to operate openly as a legitimate, regulated background reporting company is to save the expense and effort required to provide accurate and legally permissible background information. As a result of this "Wild West" situation in the background screening industry, expunged records can be, and are, available for anyone to view for months or even years while, simultaneously, remaining unknown and undiscoverable to the individuals reported upon.

**ANSWER:**

The first two sentences and final sentence of Paragraph 23 of the Amended Complaint consist entirely of purported characterizations of the background screening industry and, therefore, no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the "background screening industry" generally or the other allegations in the first two sentences and final sentence of Paragraph 23. In further response, Defendants state that they are not consumer reporting agencies, do not perform background screening on consumers, are not members of the "background screening industry" as that phrase is used in Paragraph 23, and do not prepare or sell consumer reports. Defendants deny all remaining allegations in Paragraph 23.

**COMPLAINT ¶24:**

The Defendants operate background investigation websites that allow users to search for consumers based on several categories, including name, date of birth, and state of residence. Such reports may contain numerous items of information, including but not limited to age, employer, current and previous addresses, phone numbers, email addresses, arrest and conviction records, the identity of relatives, property records, marriage and divorce records, social media accounts, and lawsuit records.

**ANSWER:**

Defendant Confi-Chek admits that it operates websites where individual users may review publicly available information on other individuals. Defendant Enformion, Inc. admits that it operates a website where users may review publicly available information on individuals. Defendants deny all remaining allegations in Paragraph 24 of the Amended Complaint, and specifically deny that they prepare consumer reports on individuals, deny that they are consumer reporting agencies, and deny that any of their products are used for purposes covered by the FCRA.

**COMPLAINT ¶25:**

The Defendants allow consumers nationwide to request, for a fee, a background report on virtually any person in the United States. In response to a request, the Defendants obtain information from various sources and assemble it into detailed reports they provide to users. These reports contain private, sensitive and often erroneous data, including but not limited to residential history, birth dates, criminal records, tax records, DMV records, professional license records, civil suits, and social media information.

**ANSWER:**

Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

**COMPLAINT ¶26:**

The Defendants maintain inadequate policy or procedures to insure they accurately assemble and provide consumer reports in compliance with the FCRA, especially in the matter of eliminating expunged, expuncted, or sealed criminal records from their websites and reports.

**ANSWER:**

Defendants deny the allegations in Paragraph 26 of the Amended Complaint because they are based on the erroneous allegations that Defendants are consumer reporting agencies and prepare and sell consumer reports. Defendants specifically deny that they "assemble and provide consumer reports" under the FCRA and deny that they are "consumer reporting agencies" as that term is defined in the FCRA. Defendants deny all remaining allegations in Paragraph 26 of the Amended Complaint.

**COMPLAINT ¶27:**

All of the Defendants' terms of service pages expressly disclaim any and all responsibility for inaccuracies in their respective data bases and reports, including criminal records, by purporting to foist this duty on the government agencies and third-party data providers who create or provide this information to the Defendants.

**ANSWER:**

Defendants admit that their Terms of Use inform users of their services that, among other things, they are not consumer reporting agencies and that their services are not subject to the FCRA. Defendants deny the remaining allegations in Paragraph 27 of the Amended Complaint.

**COMPLAINT ¶28:**

Instead, the Defendants seek to shield their non-compliant reporting behind a self-serving claim that none of them are consumer reporting agencies, that they do not sell consumer reports, and that they are not subject to the FCRA.

**ANSWER:**

Defendants admit that they are not consumer reporting agencies, admit that they do not sell consumer reports, and admit that their services are not subject to the FCRA. Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint, and specifically deny that they prepare or sell "consumer reports" and deny that they are "consumer reporting agencies" as those terms are defined in the FCRA

**COMPLAINT ¶29:**

But what the Defendants really provide is highly sensitive personal, legal and financial information regarding individuals. The information is the same information that is provided in consumer reports by recognized consumer reporting agencies and the information in the Defendants' reports are compiled using the same data sources as the major consumer reporting agencies reports.

**ANSWER:**

Defendants deny the allegations in Paragraph 29 of the Amended Complaint, and specifically deny that they prepare or sell "consumer reports" and deny that they are "consumer reporting agencies" as those terms are defined in the FCRA.

**COMPLAINT ¶30:**

Moreover, the Defendants' customers are in no way prevented from using these reports for the same purposes as users of other consumer reports - to make decisions regarding employment, housing, and credit worthiness, among other things. Worse still, Defendants have created a situation where FCRA violations inevitably occur.

**ANSWER:**

Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

**COMPLAINT ¶31:**

Confi-Chek, Inc., through Enformion and the other subsidiaries who directly link to Enformion, unabashedly markets its background reports to the very industries of greatest concern to the FCRA. Enformion's home page includes as its first drop-down menu "Industries" that when clicked includes a who's who of FCRA governed actors: "Collections, Government, Legal Professionals, Licensed Investigators, Corporate, Healthcare, Insurance, Law Enforcement, and Real Estate."

**ANSWER:**

Defendant Enformion, Inc. admits that the industries identified in the second sentence of Paragraph 31 of the Amended Complaint are identified on Enformion, Inc.'s website. Defendants deny all remaining allegations in Paragraph 31, and specifically deny that Enformion, Inc. is a "subsidiary" of

Confi-Chek, Inc., deny that they market for any FCRA-covered purpose, deny that they are consumer reporting agencies, and deny that they prepare or sell consumer reports.

**COMPLAINT ¶32:**

For the reasons above, and at all times pertinent hereto, the Defendants were consumer reporting agencies ("CRA"), defined by section 1681a(f) of the FCRA as follows: "The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer."

**ANSWER:**

Defendants admit that the language quoted in Paragraph 32 of the Amended Complaint is a partial quotation of the cited statute. Defendants deny all remaining allegations in Paragraph 32, and specifically deny that they are "consumer reporting agencies" under the FCRA.

**COMPLAINT ¶33:**

The Defendants obtain distilled and incomplete public record information, including criminal record history, from third party databases and courthouses and maintain such data in consumer files that they create and assemble. As a CRA, the Defendants are also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, per 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

**COMPLAINT ¶34:**

The Defendants do not, however, maintain strict procedures designed to ensure that such information is complete and up to date, nor do they utilize reasonable procedures designed to assure maximum possible accuracy. Based upon a common policy and practice, the Defendants regularly and

16

illegally publish and report criminal records that have been expunged, expuncted or sealed by court order.

**ANSWER:**

Defendants deny the allegations in the first sentence of Paragraph 34 of the Amended Complaint because they are based on the erroneous allegations that Defendants are consumer reporting agencies. Defendants deny all remaining allegations in Paragraph 34.

**COMPLAINT ¶35:**

For example, the three named Class Representatives come from a group of over a dozen Texas clients of a single expungement service alone. In each case, Defendants' published database included expunged or expuncted criminal records many months past the date that Defendants were provided legal notice to remove the impermissible and inaccurate information. It seems inevitable that there will be hundreds if not thousands more whose rights were similarly ignored.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 of the Amended Complaint. Defendants deny the remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

The Defendants' practices not only violate the FCRA as a matter of law, the practices exact serious consequences on consumer job applicants and interstate commerce. Consumers who have attempted to obtain the deletion of negative background history are prejudiced in their ability to adequately determine whether the information is being accurately published or reported.

**ANSWER:**

Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

**COMPLAINT ¶37:**

Despite their duties to maintain strict procedures to assure that criminal record information is complete and up to date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information that they publish and/or sell to the public, the Defendants have nonetheless

deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

**ANSWER:**

Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

**COMPLAINT ¶38:**

Finally, Defendants also fail to provide notice to consumers at the time they sell reports as required by the FCRA. They do not provide consumers with a disclosure of all the information in their files that pertains to the consumer or the sources of this information upon request, as required by the FCRA. They do not provide consumers with a free annual disclosure under the FCRA, which shall consist of "all information in the consumers file at the time of the request." Quite the opposite is true: Defendants willfully violate the FCRA by making misrepresentations to convince consumers who visit their site or contact them that they do not sell consumer reports and are not governed or regulated by the FCRA as a consumer reporting agency or in any other respect.

**ANSWER:**

Defendants deny the allegations in Paragraph 38 of the Amended Complaint because they are based on the erroneous allegation that Defendants are consumer reporting agencies. Defendants specifically deny that they are consumer reporting agencies. Defendants deny all remaining allegations in Paragraph 38.

**COMPLAINT ¶39:**

Defendants seek to avoid their FCRA obligations to gain a competitive advantage over reputable consumer reporting agencies who go to the time and expense of complying with the law, which directly impacts interstate commerce.

**ANSWER:**

Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

**COMPLAINT ¶40:**

Based on the same facts that triggered the FCRA compliance requirements above, the Defendants also fall squarely within the ambit of Chapter 109 of the Texas Business and Commerce Code.

**ANSWER:**

Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

**COMPLAINT ¶41:**

In Texas, when an order of expunction is final, "the release, maintenance, dissemination, or use of the expunged records for any purpose is prohibited," and "the person arrested may deny the occurrence of the arrest and the existence of the expunction order." TEX. CODE CRIM. PROC. art. 55.03.

**ANSWER:**

Paragraph 41 of the Amended Complaint consists entirely of a partial quotation of the cited statute and, therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 41 to the extent they are inconsistent with the cited statute.

**COMPLAINT ¶42:**

Chapter 109 of the Texas Business and Commerce Code governs business entities that are engaged in publication of certain criminal record information. Tex. Bus. & Comm. Code §§ 109.001-.007. Chapter 109 applies to a business entity that "publishes" criminal record information and that charges "a fee or other consideration to correct or modify criminal record information." TEX. BUS. & COMM. CODE § 109.002(a)(1).

**ANSWER:**

Paragraph 42 of the Amended Complaint consists entirely of a partial quotation and characterization of the cited statute and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the cited statute.

**COMPLAINT ¶43:**

By posting the information on their websites, the Defendants made Plaintiffs' criminal record information available for inspection by anyone with access to the website; thus, "publishing" such records under Texas law, which defines "publishing" very broadly, requiring only that a background investigation website or company "communicate or make information available to another person in writing or by means of telecommunications and includes communicating information on a computer bulletin board or similar system." TEX. BUS. & COMM. CODE § 109.001(4).

**ANSWER:**

Paragraph 43 of the Amended Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 43, and specifically deny that they violated the Texas Business and Commerce Code or any other law.

**COMPLAINT ¶44:**

By charging, for example, $29.95 for a single report or $19.95 per month for a subscription (and these prices vary between the Defendants depending on special offers, etc.) - and by making these fees or consideration mandatory for anyone wanting to access their own personal criminal records as part of the correction or modification process - the Defendants charge "a fee or other consideration to correct or modify criminal record information" under Texas law.

**ANSWER:**

Paragraph 44 of the Amended Complaint consists entirely of a legal conclusion and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Moreover, the Defendants' websites all contain a trap that ironically also constitutes "other consideration" under the law. Before anyone may pay for and create an account with the Defendants to ascertain whether or not their expunged or sealed records are being unlawfully published, they must agree to waive any right to pursue a trial by jury or class action. Foregoing these valuable rights also constitutes a form of consideration in this case.

**ANSWER:**

Paragraph 45 of the Amended Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Next, a business entity may not publish criminal records if it has knowledge or has received notice that an order of expunction has been issued under article 55.03 Texas Code of Criminal Procedure. The Defendants received notice of expunction for each Plaintiff from both the Texas Department of Public Safety and from Plaintiffs themselves.

**ANSWER:**

Paragraph 46 of the Amended Complaint consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 46.

**COMPLAINT ¶47:**

A business entity that publishes information in violation of section 109.005 is liable to the individual who is the subject of the information in an amount not to exceed $500 for each separate violation, and in the case of a continuing violation, an amount not to exceed $500 for each subsequent day on which the violation occurs. An individual who prevails in an action under section 109.005 is also entitled to recover court costs and reasonable attorney's fees. TEX. BUS. & COMM. CODE § 109.005(d).

**ANSWER:**

Paragraph 47 of the Amended Complaint consists entirely of a purported summary and characterization of the damages available under the cited statute and, therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 47 to the extent they are inconsistent with the cited statute. Defendants deny all remaining allegations in Paragraph 47, and specifically deny that Plaintiffs or their counsel are entitled to any relief whatsoever.

**COMPLAINT ¶48:**

The Representative Plaintiffs share nearly identical underlying damages in this case. Much like the vast majority of Americans employ a criminal defense attorney to handle an expungement, for approximately $500 each, Plaintiffs all hired the same online expungement assistance service to expunge certain criminal records related to past offenses qualifying for expungement or sealing under Texas law. In each case, Plaintiffs - much like anyone nationwide seeking to expunge, expunct, or seal criminal records in an American court or tribunal - also paid several hundred dollars in court costs, fees, and related expenses to successfully expunge or seal their records and received an Expungement Order from state court.

**ANSWER:**

Defendants deny the allegations in the first sentence of Paragraph 48 of the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 48.

**COMPLAINT ¶49:**

Similarly, Plaintiffs all paid an additional $100 to personally notify the universe of background check companies, including Defendants, that they must remove the expunged, expuncted or sealed records from their database. In other words, all Plaintiffs suffered similar, if not identical, economic damages when the Defendants both deprived them of the benefit of what they paid to obtain and what they paid to make sure the Defendants were aware of their duty under law.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 49 of the Amended Complaint. Defendants deny the remaining allegations in Paragraph 49.

**COMPLAINT ¶50:**

Next, copies of the Plaintiffs' Expungement Orders were served on appropriate state agencies and law enforcement offices who promptly removed and expunged all records and related files from

1    state-run databases. These expunged Texas criminal charges were eliminated from the Texas

2    Department of Public Safety database that was provided to bulk purchasers, including the Defendants.

3    **ANSWER:**

4         Defendants are without knowledge or information sufficient to form a belief as to the truth of the

5    allegations in the first sentence of Paragraph 50 of the Amended Complaint. In further response,

6    Defendants state that the referenced documents are the best evidence of their contents and denies any

7    allegations in Paragraph 50 that are inconsistent with the referenced documents.

8    **COMPLAINT ¶51:**

9         According to the Texas DPS website, the Defendants have not purchased a new criminal history

10    database since September 6, 2010, although they continue to pay to receive the monthly files containing

11    all of the expunction and nondisclosures granted each month in Texas. By regularly purchasing this

12    database a company can ensure they stay in compliance because the Texas DPS removes all criminal

13    records that have been sealed or expunged when providing the criminal records database. Almost all

14    other background reporting company on the Texas DPS purchaser list bought updated data sets in 2018

15    and none are anywhere near eight years out-of-date, like the Defendants.

16    **ANSWER:**

17         Defendants deny the allegations in the first sentence of Paragraph 51 of the Amended Complaint,

18    and specifically deny that they are "out-of-date." Defendants are without knowledge or information

19    sufficient to form a belief as to the truth of the allegations in Paragraph 51.

20    **COMPLAINT ¶52:**

21         Moreover, Texas DPS records show that the Defendants did receive proper notice from Texas

22    DPS that Plaintiffs' relevant criminal records had been expunged and requiring the Defendants to cease

23    any and all publication of those records.

24    **ANSWER:**

25         Defendants are without knowledge or information sufficient to form a belief as to the truth of the

26    allegations in Paragraph 52 of the Amended Complaint.

27

28

**COMPLAINT ¶53:**

Likewise, Plaintiffs, through their expungement assistance service, provided proper notice to over a hundred commercial background reporting services, including the Defendants. The online mailing service used on behalf of Plaintiffs shows receipt of this notice by one or more of the Defendants.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint.

**COMPLAINT ¶54:**

Despite the repeated efforts of both the Plaintiffs and the State of Texas, however, the expunged criminal records for each and every Plaintiff, and approximately a dozen other clients of expungement service, continue to be published and available to the public on the Defendants' websites, at least as of the filing date for this Original Complaint. Evidence of these violations was gathered independently of the Plaintiffs and other clients by their third-party expungement service provider who had become concerned that Defendants were simply ignoring the legal notices they received. This third-party simply subscribed to the Defendants' website and reviewed its clients' published reports for a fee.

**ANSWER:**

Defendants deny the allegations in the first sentence of Paragraph 54 of the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

**COMPLAINT ¶55:**

As for the removal from public view of the expunged charges from state-run databases, any preparer of a background check that maintained strict procedures designed to insure complete and up to date information would have been aware that it was no longer appropriate to report the expunged charges. Frankly, even a preparer using less than strict procedures would have caught these publication and reporting problems, but the Defendants clearly were not and are not even doing minimal verification or record cleanup.

**ANSWER:**

Defendants deny the allegations in Paragraph 55 of the Amended Complaint because they are based on the erroneous allegations that Defendants are consumer reporting agencies and prepare and sell consumer reports. Defendants are without knowledge or information sufficient to form a belief as to what procedures a consumer reporting agency should follow. Defendants deny all remaining allegations in Paragraph 55 of the Amended Complaint.

**COMPLAINT ¶56:**

Thus, the Defendants published and possibly reported Plaintiffs' expunged criminal records long after they had been hidden from public view and then eliminated from relevant state-run databases. Clearly, the Defendants failed or refused to search for updated public record information on Plaintiffs' expunged criminal charges or employ other best practices to avoid publication of erroneous consumer data.

**ANSWER:**

Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

**COMPLAINT ¶57:**

At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Paragraph 57 consists entirely of legal conclusions and, therefore, no answer is required. To the extent answer is required, Defendants admit that they perform services through their employees and contractors. Defendants deny the remaining allegations in Paragraph 57, and specifically deny that they or their employees or contractors violated any law.

**COMPLAINT ¶58:**

At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein. The Defendants knowingly carry out a

business practice of publishing and reporting criminal record information that is not current or up to date, and without assuring that such information has not been expunged or had its status changed. There is no reading or interpretation of section 1681e(b) of the FCRA, Chapter 109 of the Texas Business and Commerce Code, or any provision for that matter, which would justify, sanction, excuse or condone such a practice.

**ANSWER:**

Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

## V.    CLASS ACTION ALLEGATIONS

**COMPLAINT ¶59:**

Plaintiffs bring this action individually and as a class action for the Defendants' violations of sections 1681(e)(b) of the FCRA and of Chapter 109 of the Texas Business and Commerce Code, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

**I.    For all Defendants, except Enformion, the class should exclude any person who agreed to any Defendant's Terms and Conditions, such that they agreed to arbitrate disputes with the Defendants and/or waived future participation in any class action:**

i)    **FCRA CLASS:**  *All natural persons residing in the United States whose expunged, expuncted, or sealed criminal records were published after the Defendants received notice that they were so expunged, expuncted or sealed within 2 years of the filing of this complaint; and,*

ii)    **TEXAS BUSINESS and COMMERCE CODE CLASS:**  *All natural persons who received an expunction from a Texas court or whose criminal records were sealed by a Texas court and whose expunged, expuncted, or sealed criminal records were published after the Defendants received notice that they were so expunged, expuncted, or sealed within 4 years of the filing of this complaint.*

**II.** For Defendant Enformion, only government or business entities may register on its website, so individual person cannot have agreed to arbitrate disputes with Enformion and/or waived the right to participate in the following classes:

    i)     **FCRA CLASS:** *All natural persons residing in the United States whose expunged, expuncted, or sealed criminal records were published after the Defendants received notice that they were so expunged, expuncted or sealed within 2 years of the filing of this complaint; and,*

    ii)     **TEXAS BUSINESS and COMMERCE CODE CLASS:** *All natural persons who received an expunction from a Texas court or whose criminal records were sealed by a Texas court and whose expunged, expuncted, or sealed criminal records were published after the Defendants received notice that they were so expunged, expuncted, or sealed within 4 years of the filing of this complaint.*

**ANSWER:**

Defendants admit that Plaintiffs purport to bring class claims against Defendants on behalf of the purported classes identified in Paragraph 59 of the Amended Complaint. Defendants deny all remaining allegations in Paragraph 59, deny that they are consumer reporting agencies, deny that they prepare consumer reports, deny that they violated the FCRA or Texas Business and Commercial Code, and deny that class treatment is appropriate in this action.

**COMPLAINT ¶60:**

Each Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to the Defendants, Plaintiffs aver upon information and belief that each Class numbers in the thousands. The Defendants publish and sell standardized criminal history record information to thousands of individuals and businesses throughout the country.

**ANSWER:**

Defendants deny the allegations in Paragraph 60 of the Amended Complaint and further state that class treatment is not appropriate in this action, that they are not consumer reporting agencies and that they do not sell or prepare consumer reports.

**COMPLAINT ¶61:**

There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions include (a) whether the Defendants, by employing a policy and practice of publishing and disclosing expunged criminal record histories, willfully and negligently violated FCRA section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates; and (b) whether the Defendants violated Chapter 109 of the Texas Business and Commerce Code for the same reasons.

**ANSWER:**

Defendants deny the allegations in Paragraph 61 of the Amended Complaint and further state that class treatment is not appropriate in this action, that they are not consumer reporting agencies and that they do not sell or prepare consumer reports.

**COMPLAINT ¶62:**

Plaintiffs' claims are typical of the claims of each Class, which all arise from the same operative facts and are based on the same legal theories.

**ANSWER:**

Defendants deny the allegations in Paragraph 62 of the Amended Complaint and further state that class treatment is not appropriate in this action.

**COMPLAINT ¶63:**

Plaintiffs will fairly and adequately protect the interests of each Class. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have secured counsel experienced in handling consumer class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

**ANSWER:**

Defendants deny the allegations in Paragraph 63 of the Amended Complaint and further state that class treatment is not appropriate in this action.

**COMPLAINT ¶64:**

This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**ANSWER:**

Defendants deny the allegations in Paragraph 64 of the Amended Complaint and further state that class treatment is not appropriate in this action.

**COMPLAINT ¶65:**

A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as each cause of action is subject to a statutory damages cap and there is no reason to award different amounts per day among the Plaintiffs of those statutory damages that accrue daily. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from the Defendants' records.

**ANSWER:**

Defendants deny the allegations in Paragraph 65 of the Amended Complaint and further state that class treatment is not appropriate in this action.

## VI.     CAUSES OF ACTION

### COUNT ONE - FCRA § 1681e(b)

**COMPLAINT ¶66:**

Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1 through 65 of the Amended Complaint as though fully set forth herein.

**COMPLAINT ¶67:**

Pursuant to sections 1681n and 1681o, each of the Defendants is liable for negligently and/or willfully violating the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

**COMPLAINT ¶68:**

As a result of Defendants' conduct Plaintiffs suffered actual damages in the form of out of pocket loss in the funds paid to complete the expungement, expunction, or sealing of criminal records process only to have Defendants continue to report obsolete and impermissible criminal information about them.

**ANSWER:**

Defendants deny the allegations in Paragraph 68 of the Amended Complaint.

**COMPLAINT ¶69:**

Plaintiffs seek actual, statutory and punitive damages in addition to their costs and attorney fees pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Defendants admit that Plaintiffs purport to seek the relief identified in Paragraph 69 of the Amended Complaint. Defendants deny the remaining allegations in Paragraph 69 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT TWO - TEX. BUS. & COM. CODE ANN. §§ 109.001-.007

**COMPLAINT ¶70:**

Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1 through 69 of the Amended Complaint as though fully set forth herein.

**COMPLAINT ¶71:**

Pursuant to sections 109.001-.007, each of the Defendants are liable for failing to remove Plaintiffs' expunged criminal records from their websites and reports after being provided notice.

**ANSWER:**

Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

**COMPLAINT ¶72:**

The Plaintiffs are entitled to a penalty of up to $500 for each separate violation. Each of the Defendants has engaged, and is engaging, in a continuing violation, so a separate penalty of up to $500 per violation is owed for each day on which the violation occurred TEX. BUS. & COMM. CODE § 109.005(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

**COMPLAINT ¶73:**

The Plaintiffs are entitled to their attorneys' fees and costs related to their claim for penalties under Texas Business and Commerce Code Chapter 109. TEX. BUS. & COMM. CODE § 109.005(d).

**ANSWER:**

Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

# COUNT THREE - INJUNCTIVE RELIEF UNDER TEXAS LAW

**COMPLAINT ¶74:**

Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Defendants incorporate their answers to Paragraphs 1 through 73 of the Amended Complaint as though fully set forth herein.

**COMPLAINT ¶75:**

The Plaintiffs request that the Court enter a temporary and permanent injunction ordering the Defendants to comply with Texas Business and Commerce Code Chapter 109 by (1) immediately removing all information regarding any criminal record information related to the Plaintiffs or any class members that has been expunged by a Texas court from their databases, and (2) not publishing any criminal record information that has been expunged by a Texas court. TEX. BUS. & COMM. CODE § 109.005(c) ("In an action brought under this section, the court may grant injunctive relief to prevent or restrain a violation of this section.").

**ANSWER:**

Defendants admit that Plaintiffs purport to seek an order of injunctive relief from the Court. Defendants deny all remaining allegations in Paragraph 75 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to any injunctive relief.

**COMPLAINT ¶76:**

The Plaintiffs are entitled to their attorneys' fees and costs related to seeking and obtaining injunctive relief. TEX. BUS. & COMM. CODE § 109.005(d).

**ANSWER:**

Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

## VII. JURY TRIAL DEMAND

**COMPLAINT ¶77:**

Plaintiffs demand trial by jury on all issues so triable.

**ANSWER:**

Defendants admit that Plaintiffs purport to demand a trial by jury. Defendants deny all remaining allegations in Paragraph 77 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to a trial by jury.

## VIII. PRAYER FOR RELIEF

**COMPLAINT ¶78:**

WHEREFORE, Plaintiffs seek relief against the Defendants as follows:

(a) That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Classes;

(b) That judgment be entered against the Defendants for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against the Defendants for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) That judgement be entered against the Defendants for statutory damages in the amount of not more than $500 per violation per Class member and, in the case of a continuing violation, an amount not to exceed $500 for each subsequent day on which such violation(s) occurred, pursuant to Chapter 109 of the Texas Business and Commerce Code;

(e) That the Court enter a temporary injunction, and on final judgment a permanent injunction, prohibiting the Defendants from publishing criminal record information that has been expunged by a Texas court;

(f) That judgment be entered in favor of Plaintiffs for actual damages related to obtaining the expungement, expunction or sealing of criminal records;

(g) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and §1681o; and

(h) That the Court grant such other and further relief as may be just and proper.

**ANSWER:**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants assert the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted. Defendants reserve the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

33

**FIRST DEFENSE**

Plaintiffs' claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside of the applicable statutes of limitations.

**SECOND DEFENSE**

To the extent that Plaintiffs and/or putative class members have failed to mitigate their alleged damages, Plaintiffs and/or the putative class members' claims for relief are barred.

**THIRD DEFENSE**

To the extent Plaintiffs' purported classes include individuals who suffered no concrete harm, such individuals lack standing to bring suit against Defendants.

**FOURTH DEFENSE**

Any damages sustained by Plaintiffs and/or putative class members were not proximately caused by Defendants.

**FIFTH DEFENSE**

Plaintiffs and/or putative class members are not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable laws.

**SIXTH DEFENSE**

Defendants are not consumer reporting agencies as defined under the law.

**SEVENTH DEFENSE**

Defendants do not sell or prepare consumer reports.

**EIGHTH DEFENSE**

Plaintiffs and/or putative class members may not bring their claims in this Court to the extent they agreed to arbitrate their claims.

**NINTH DEFENSE**

This Court is not the proper venue as to the claims belonging to some or all members of the putative class defined in Plaintiff's Complaint.

## TENTH DEFENSE

Plaintiffs and/or putative class members may not represent or participate in a class action to the extent they agreed to waive any right to a class action.

## RESERVATION OF RIGHTS

Defendants' investigation is ongoing and discovery in this action has not commenced. Defendants reserve their right to raise additional defenses as may be discovered or become apparent during the course of these proceedings.

DATED: November 19, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By:/s/ *Selyn Hong*

Selyn Hong
Christopher Truxler
Pamela Q. Devata (admitted *pro hac vice*)
John W. Drury (*pro hac vice* application forthcoming)
Attorneys for Defendants

52024656v.1