UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARZA, et al., | No. 2:18-cv-1968 KJM EFB |
| Plaintiffs, | |
| v. | STATUS (PRETRIAL SCHEDULING) |
| CONFI-CHEK, INC., et al., | ORDER – CLASS CERTIFICATION PHASE |
| Defendants. | |

An initial scheduling conference was held in this putative class action on October 29, 2018. Thomas Lyons appeared for plaintiffs; Christopher Truxler appeared for defendants and Pamela Devanta was present telephonically for defendants to monitor the proceedings.

Having reviewed the parties' Joint Status Report filed on November 21, 2018, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.     SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

/////

/////

1

1 II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

2          No further joinder of parties or amendments to pleadings is permitted without
3 leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth*
4 *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

5 III.    JURISDICTION/VENUE

6          Jurisdiction is predicated upon 15 U.S.C. § 1681 and 28 U.S.C. § 1367.
7 Jurisdiction and venue are not disputed.

8 IV.    DISCOVERY

9          Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall have
10 been completed by December 7, 2018.  All discovery for class certification shall be completed by
11 **September 16, 2019**.  In this context, "completed" means that all discovery shall have been
12 conducted so that all depositions have been taken and any disputes relative to discovery shall
13 have been resolved by appropriate order if necessary and, where discovery has been ordered, the
14 order has been obeyed.  All motions to compel discovery must be noticed on the magistrate
15 judge's calendar in accordance with the local rules of thiscourt.  While the assigned magistrate
16 judge reviews proposed discovery phase protective orders, requests to seal or redact are decided
17 by Judge Mueller as discussed in more detail below.  In addition, while the assigned magistrate
18 judge handles discovery motions, the magistrate judge cannot change the schedule set in this
19 order, except that the magistrate judge may modify a discovery cutoff to the extent such
20 modification does not have the effect of requiring a change to the balance of the schedule.

21         The parties request a discovery status conference before the assigned magistrate
22 judge. A discovery conference is set before Judge Edmund F. Brennan for **January 23, 2019 at**
23 **10:00 a.m.** in Courtroom No. 8, 13th Floor. The parties are directed to submit a joint discovery
24 conference statement fourteen (14) days prior to the conference.

25 V.     DISCLOSURE OF EXPERT WITNESSES

26         All counsel are to designate in writing and serve upon all other parties the name,
27 address, and area of expertise of each expert that they propose to tender at trial not later than
28 **April 5, 2019**.  The designation shall be accompanied by a written report prepared and signed by

the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **May 6, 2019**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. The rebuttal designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). A party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery shall be completed by **September 16, 2019.**

VI. <u>MOTION HEARING SCHEDULE</u>

Hearing on Class Certification is set for **June 28, 2019**,[1] **at 10:00 a.m.** in Courtroom No. 3. All further scheduling dates will be set after class certification has been determined.

VII. <u>SETTLEMENT CONFERENCE</u>

No settlement conference is currently scheduled. A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request. In the event that an earlier court settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

VIII. <u>MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement of the parties by stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

As noted, the assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

/////

/////

/////

/////

---

[1] Note that this date may not correspond to a law and motion calendar date.

IX.     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: December 18, 2018.

_____
UNITED STATES DISTRICT JUDGE