Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiffs*
**David Garza, Naser Alzer, Kimberly Kennedy,
Amandeep Singh, Samah Haider**
and the class

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Garza, Naser Alzer, Kimberly Kennedy, Amandeep Singh, and Samah Haider,** on behalf of themselves and of others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**Confi-Chek, Inc.,** a holding company for **Peoplefinders.com, Enformion, Inc., and Advanced Background Checks,**<br><br>     Defendants. | Case No. 2:18-cv-01968-KJM-EFB<br><br>The Honorable Kimberly J. Mueller<br>Magistrate Judge Edmund F. Brennan<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS; DECLARATION OF DAVID GEORGE**<br><br>Hearing date: March 8, 2019<br>Time: 10:00 a.m.<br>Rm: 3<br><br>Complaint Filed: July 16, 2018 |

1

## Table of Contents

I.  None of the Parties Live in the Eastern District of Texas ........................................................ 7

II.  Standard for Venue Transfers under 28 U.S.C. § 1404(a) ...................................................... 9

III.  This Court Should Deny the Defendants' Motion to Transfer Venue to the Eastern
District of Texas ................................................................................................................. 10

    A.  The motion should be denied because venue is not proper in the Eastern District
of Texas. .................................................................................................................. 10

        1.  The Defendants do not even attempt to show that this case could have been
brought in the Eastern District of Texas, so this Court can deny the motion
on that basis alone. .......................................................................................... 11

        2.  Under the federal venue rules, this case could not have been brought in the
Eastern District of Texas. ................................................................................ 11

            a.  None of the Defendants are subject to personal jurisdiction in the
Eastern District of Texas regarding this lawsuit, so none of the
Defendants reside in the Eastern District of Texas. ................................. 12

                (1)  The Defendants are not subject to general jurisdiction in the
Eastern District of Texas. ................................................................. 13

                (2)  The Defendants are not subject to specific jurisdiction in the
Eastern District of Texas. ................................................................. 14

            b.  None of the events or omissions giving rise to the claim occurred in
the Eastern District of Texas. .................................................................. 15

            c.  All of the Defendants reside in this District, so this is not a case where
venue is not proper in any district. .......................................................... 16

    B.  The motion should be denied even if venue were proper in the Eastern District of
Texas, because it is not more convenient for the parties or the witnesses. ................... 17

        1.  The location where the relevant agreements were negotiated and executed is
neutral because there are no agreements at issue in the case. ............................. 17

        2.  The state that is most familiar with the governing law is neutral because the
Eastern District of Texas has not addressed the Texas statute at issue in this
lawsuit. ......................................................................................................... 17

        3.  The Plaintiffs' choice of forum weighs against transferring this case to the
Eastern District of Texas. ................................................................................ 20

        4.  The parties' contacts with the forum weigh heavily against transferring
this case to the Eastern District of Texas because the Defendants' principal
places of business are in Sacramento and no parties have any contacts with
the Eastern District of Texas. ........................................................................... 20

        5.  The contacts relating to the Plaintiffs' causes of action in the chosen forum
weigh heavily against transferring this case to the Eastern District of Texas

2

because the Defendants' actions at issue in this case took place in Sacramento and there are no contacts with the Eastern District of Texas. .......... 20

6.   The differences in the costs of litigation in the two forums weigh against transferring this case to the Eastern District of Texas because the Defendants are located in this District and none of the parties are located in the Eastern District of Texas. .............................................................................................. 21

7.   The availability of compulsory process to compel attendance of unwilling non-party witnesses weighs against transferring this case because none of the witnesses the Defendants identify are subject to compulsory process in the Eastern District of Texas. ................................................................................ 22

8.   The ease of access to sources of proof weighs against transferring this case to the Eastern District of Texas. .............................................................................. 24

IV.   Conclusion .................................................................................................................... 25

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

# Table of Authorities

*Cases*

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,*
   571 U.S. 49 (2013) ................................................................................................ 18-19

*BNSF Ry. Co. v. Tyrrell,*
   137 S. Ct. 1549 (2017) ............................................................................................... 13

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) .................................................................................................... 14

*D.K.W. v. Source for PublicData.com, LP,*
   526 S.W.3d 619 (Tex. App.—Dallas 2017, pet. denied) .......................................... 18-19

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) .................................................................................................... 13

*Earth Island Inst. v. Quinn,*
   56 F. Supp. 3d 1110 (N.D. Cal. 2014) ......................................................................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
   564 U.S. 915 (U.S. 2011) ......................................................................................... 13-14

*Hammond v. Wal-Mart Stores, Inc.,*
   CV F 10-1788 LJO DLB, 2011 WL 1668209 (E.D. Cal. May 2, 2011) ..................... 10

*Hays v. Nat'l Elec. Contractors Ass'n, Inc.,*
   781 F.2d 1321 (9th Cir. 1985) ....................................................................................... 7

*In re Bozic,*
   888 F.3d 1048 (9th Cir. 2018) ................................................................................. 7, 15

*In re Volkswagen of Am., Inc.,*
   545 F.3d 304 (5th Cir. 2008) (en banc) ....................................................................... 22

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,*
   818 F.3d 193 (5th Cir. 2016) ....................................................................................... 13

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) ........................................................................... 10, 17, 25

*Monastiero v. appMobi, Inc.,*
   C 13-05711 SI, 2014 WL 19915643 (N.D. Cal. May 15, 2014) ........................... 18, 19

*Ojo v. Farmers Group, Inc.,*
   356 S.W.3d 421 (Tex. 2011) ........................................................................................ 19

*Park v. Dole Fresh Vegetables, Inc.,*
   964 F. Supp. 2d 1088 (N.D. Cal. 2013) ................................................................... 8, 10

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

*Smith v. CoreLogic Background Data, LLC*,
  2:18-CV-01895-KJM-AC, 2018 WL 4352956 (E.D. Cal. Sept. 12, 2018) ....................... 9-10, 17

*Walden v. Fiore*,
  571 U.S. 277 (2014) ................................................................................................. 14

**Statutes**

15 U.S.C. § 1681e(b) ................................................................................................. 23

15 U.S.C. § 1681n ..................................................................................................... 23

28 U.S.C. § 124(b) ...................................................................................................... 8

28 U.S.C. § 124(c) ..................................................................................................... 22

28 U.S.C. § 124(c)(3) ................................................................................................ 22

28 U.S.C. § 124(d) ................................................................................................ 8, 22

28 U.S.C. § 124(d)(1) ................................................................................................. 8

28 U.S.C. § 124(d)(4) ................................................................................................. 8

28 U.S.C. § 1391(b) .................................................................................................. 11

28 U.S.C. § 1391(b)(1) ....................................................................................... 12, 15-16

28 U.S.C. § 1391(b)(3) .............................................................................................. 16

28 U.S.C. § 1391(c)(2) ......................................................................................... 12, 15

28 U.S.C. § 1391(d) ............................................................................................. 12, 15

28 U.S.C. § 1404(a) ................................................................. 2, 6, 9-11, 15, 17, 21, 25

Tex. Bus. & Com. Code § 109.003(a) ....................................................................... 23

Tex. Bus. & Com. Code § 109.005(a) ....................................................................... 23

**Rules**

Fed. R. Civ. P. 45(c)(3) ............................................................................................. 22

Fed. R. Civ. P. 45(c)(3)(A)(ii) .................................................................................. 22

Fed. R. Evid. 201(b)(2) ............................................................................................... 7

Tex. R. App. P. 58.1 .................................................................................................. 19

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

Plaintiffs David Garza, Naser Alzer, Kimberly Kennedy, Amandeep Singh, and Samah Haider file this response to the Defendants' Motion to Transfer Venue to the Eastern District of Texas.[1]  This Court should deny the motion because:

- Venue is not proper in the Eastern District of Texas, and

- This case has no relationship to the Eastern District of Texas.

The Defendants are California corporations with their principal places of business in Sacramento, California.[2]  Even though the Defendants have literally been sued in their home town, they are seeking to transfer this case to another venue.  And the venue they want this Court to send them to is a district that has no relationship to any of the parties, any of the witnesses, or anything at all to do with this lawsuit.

The Defendants are seeking to transfer this case to the Eastern District of Texas under 28 U.S.C. § 1404(a) because—they claim—"it is a more appropriate forum for this action."[3]  The Defendants argue that because—they claim—"three of the five Plaintiffs live in the Eastern District of Texas," a "majority of the relevant factors when considering a transfer motion weigh heavily in favor of this case being transferred to the Eastern District of Texas."[4]  The Defendants contend that the three plaintiffs who live in Houston live in the Eastern District of Texas.[5]

---

[1] The motion was filed by Defendants Confi-Chek, Inc. d/b/a Peoplefinders.com and d/b/a Advanced Background Checks; and Enformion, Inc.

[2] Doc. 26 at ¶¶ 17-18; Doc. 32 at 7-10 (Defendants' Original Answer).  "Doc. ___" refers to the document number on the Court's docket.

[3] Doc. 42 at 2 (Defendants' Motion to Transfer Venue).  The page number refers to the page on the file stamp at the top of the page placed by the Court's electronic-case-filing system.

[4] Doc. 42 at 6.

[5] Doc. 42 at 6 ("Plaintiffs are all Texas citizens, three of whom reside in Houston and two of whom reside in San Antonio and Cedar Park, respectively."); id. at 15 ("Plaintiffs cannot contend that Houston, Texas is an inconvenient forum for Plaintiffs since three of the five Plaintiffs reside in Houston."); Doc. 26 at ¶¶ 12-16 (Plaintiffs' First Amended Complaint) (Plaintiffs David Garza, Kimberly Kennedy, and Samah Haider live in Houston, Texas).

6

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

The Defendants' motion to transfer this case to the Eastern District of Texas is based on the misconception that Houston, Texas is in the Eastern District of Texas.  It is not.  Houston is in the Southern District of Texas.[6]  None of the Plaintiffs or Defendants live in the Eastern District of Texas, and none of the allegations in this case involve events that took place in the Eastern District of Texas or have anything to do with the Eastern District of Texas.  This Court, therefore, should deny the Defendants' motion to transfer this case to the Eastern District of Texas.

## I.    None of the Parties Live in the Eastern District of Texas

This is a class action brought by five named plaintiffs who had criminal records expunged.[7]  The Defendants provide background reports online for compensation.[8]  The Defendants failed to update their information to reflect that the Plaintiffs' criminal records have been expunged, which violated the federal Fair Credit Reporting Act and a Texas statute regarding expunged records.[9]

The Ninth Circuit has made clear that when determining venue in class actions, only the named parties are considered.[10]  So unnamed or putative class members are not considered when determining venue.[11]

---

[6] Declaration of David George, attached as Exhibit A.  This Court can take judicial notice of the boundaries of the federal judicial districts under Federal Rule of Evidence 201(b)(2).  The Ninth Circuit has held that "it is well established that courts may take judicial notice of governmental boundaries."  *Hays v. Nat'l Elec. Contractors Ass'n, Inc.*, 781 F.2d 1321, 1324 (9th Cir. 1985).

[7] Doc. 25 at ¶¶ 1-4, 48-58.

[8] Doc. 25 at ¶¶ 24-47.

[9] Doc. 25 at ¶¶ 66-76 (alleging violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. and Texas Business and Commerce Code §§ 109.001-.007).

[10] *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) ("Whether before or after class certification, the claims of unnamed class members can never make permissible an otherwise impermissible venue. Rather, in a class action, the "events" in question are only those involving the named plaintiffs.").

[11] *Id.*

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

None of the five named plaintiffs in this case live in the Eastern District of Texas.  Instead, three live in the Southern District of Texas, and two live in the Western District of Texas:

- Plaintiffs David Garza, Kimberly Kennedy, and Samah Haider live in Houston, Texas.[12]  Houston, Texas is located in Harris County, Texas and Fort Bend County, Texas.[13]  Both Harris County and Fort Bend County are in the Southern District of Texas.[14]

- Plaintiff Amandeep Singh lives in San Antonio, Texas.[15]  San Antonio Texas is located in Bexar County, Texas; Medina County, Texas; and Comal County, Texas.[16]  Bexar County, Medina County, and Comal County are all in the Western District of Texas.[17]

- Plaintiff Naser Alzer lives in Cedar Park, Texas.[18]  Cedar Park, Texas is located in Travis County, Texas and Williamson County, Texas.[19]  Both Travis County and Williamson County are in the Western District of Texas.[20]

None of the Defendants are located in the Eastern District of Texas.  Instead, they are all located in the Eastern District of California.  Defendants Confi-Chek, Inc. and Enformion, Inc. are

---

[12] Doc. 26 at ¶¶ 12, 14, 16.

[13] Ex. A; *see also* United States Census Bureau, *Texas:  2010, Population and Housing Unit Counts* at 36, 40 (Sep. 2012), https://www.census.gov/prod/cen2010/cph-2-45.pdf; Harris County Election Results for City of Houston Elections at 72-73, https://www.harrisvotes.org/HISTORY/20181106/cumulative/cumulative.pdf; Fort Bend County Election Results for City of Houston Elections, https://www.fortbendcountytx.gov/home/showdocument?id=48062.

[14] 28 U.S.C. § 124(b); Ex. A

[15] Doc. 26 at ¶ 13.

[16] Ex. A; *see also* www.sanantonio.gov.

[17] 28 U.S.C. § 124(d)(4).

[18] Doc. 26 at ¶ 13.

[19] Ex. A; *see also* United States Census Bureau, *Texas:  2010, Population and Housing Unit Counts* at 66, 70 (Sep. 2012), https://www.census.gov/prod/cen2010/cph-2-45.pdf; Official Cedar Park, Texas Government Website https://www.cedarparktexas.gov/departments/city-secretary/election-information (noting Cedar Park is in both Travis County and Williamson County, Texas).

[20] 28 U.S.C. § 124(d)(1).

8

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

1   California corporations with their principal places of business in Sacramento, California.[21]  So the

2   Plaintiffs have sued the Defendants in their home town.

3   **II.     Standard for Venue Transfers under 28 U.S.C. § 1404(a)**

4           Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest

5   of justice, a district court may transfer any civil action to any other district or division where it

6   might have been brought or to any district or division to which all parties have consented."

7           This Court has held that there are three required elements before a case can be transferred

8   under § 1404(a):

9           1.   Venue must be proper in the district considering transfer,

10          2.   The receiving district must be one where the action might have been
                 brought, and

11
12          3.   The transfer must convenience the parties, witnesses and promote the
                 interest of justice.[22]

13          When determining the third required element—whether the transfer conveniences the

14  parties and the witnesses and promotes the interest of justice—this Court considers several factors,

15  including:

16          1.   The location where the relevant agreements were negotiated and
                 executed,

17          2.   The state that is most familiar with the governing law,

18          3.   The plaintiff's choice of forum,

19          4.   The respective parties' contacts with the forum,

20

21  [21] Doc. 26 at ¶¶ 17-18; Doc. 32 at 7-10 (Defendants' Original Answer).

22  [22] *Smith v. CoreLogic Background Data, LLC,* 2:18-CV-01895-KJM-AC, 2018 WL 4352956, at *1 (E.D. Cal. Sept.
    12, 2018) (Mueller, J.) ("three elements are required for transfer: (1) venue must be proper in the district considering

23  transfer, (2) the receiving district must be one where the action might have been brought, and (3) transfer must
    convenience the parties, witnesses and promote the interest of justice").

24

                                                      9

25

5.   The contacts relating to the plaintiff's cause of action in the chosen forum,

6.   The differences in the costs of litigation in the two forums,

7.   The availability of compulsory process to compel attendance of unwilling non-party witnesses, and

8.   The ease of access to sources of proof."[23]

No single factor is dispositive; instead, district courts determine whether transfer is appropriate on a case-by-case basis.[24]

### III.   This Court Should Deny the Defendants' Motion to Transfer Venue to the Eastern District of Texas

This Court should deny the Defendants' motion to transfer venue to the Eastern District of Texas because the requirements for a § 1404(a) transfer have not been met:

- Venue is not proper in the Eastern District of Texas; and

- Even if venue were proper in the Eastern District of Texas, the convenience factors weigh heavily against transferring this case to a district with no connection to the parties, the witnesses, or the dispute.

### A.   The motion should be denied because venue is not proper in the Eastern District of Texas.

When deciding a § 1404(a) motion transfer venue, "the court must first determine whether the potential transferee district is one where the case could originally have been brought."[25]  This case could not have been brought in the Eastern District of Texas, so the motion can be denied on that basis alone without considering the convenience factors.[26]

---

[23] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

[24] *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).

[25] *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1117 (N.D. Cal. 2014); *Hammond v. Wal-Mart Stores, Inc.*, CV F 10-1788 LJO DLB, 2011 WL 1668209, at *6 (E.D. Cal. May 2, 2011) ("The first analytical step is to determine whether the action could have been brought originally in the district court to which transfer is sought.").

[26] *CoreLogic Background Data, LLC*, 2018 WL 4352956, at *1.

10

1. **The Defendants do not even attempt to show that this case could have been brought in the Eastern District of Texas, so this Court can deny the motion on that basis alone.**

As an initial matter, the Defendants have not even attempted to show that this case could have originally been brought in the Eastern District of Texas.[27]  They simply ignore that as a factor.[28]  Because the Defendants did not carry their burden of establishing a required element of their § 1404(a) motion, the motion should be denied.

2. **Under the federal venue rules, this case could not have been brought in the Eastern District of Texas.**

But even if this Court were to consider the issue, it will see that this case could not have originally been brought in the Eastern District of Texas because none of the parties reside there and nothing related to this case has anything to do with the Eastern District of Texas.

Under the federal venue statute, a case can be brought in:

1. A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2. A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3. If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[29]

Venue is not proper in the Eastern District of Texas under any of the venue provisions, so this case could not have been brought there.  This Court, therefore, should deny the Defendants' motion to transfer this case to the Eastern District of Texas.

---

[27] *See* Doc. 42.

[28] *Id*.

[29] 28 U.S.C§ 1391(b).

11

a.   **None of the Defendants are subject to personal jurisdiction in the Eastern District of Texas regarding this lawsuit, so none of the Defendants reside in the Eastern District of Texas.**

Venue is not proper in the Eastern District of Texas because none of the Defendants reside in that district.[30]

When determining residence for venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[31]  When a state "has more than one judicial district," then a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."[32]

Texas has four districts.[33]  So to establish that they reside in the Eastern District of Texas, the Defendants must show that they would be subject to personal jurisdiction in that district in this case based on their contacts with that district.[34]  The Defendants do not have sufficient contacts with the Eastern District of Texas to be subject to personal jurisdiction in that district, so they do not reside in the Eastern District of Texas.  Venue, therefore, is not proper in the Eastern District of Texas and this case could not have been originally brought there.

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth

---

[30] 28 U.S.C. § 1391(b)(1).

[31] 28 U.S.C. § 1391(c)(2).

[32] 28 U.S.C. § 1391(d).

[33] 28 U.S.C. § 124 ("Texas is divided into four judicial districts to be known as the Northern, Southern, Eastern, and Western Districts of Texas.").

[34] 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2). 28 U.S.C. § 1391(d).

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

Amendment.[35]  The Texas long-arm statute extends as far as constitutional due-process permits, so the inquiry is "whether a suit in Texas is consistent with the Due Process Clause of the Fourteenth Amendment."[36]

Personal jurisdiction may be either general or specific.[37]  The Defendants are subject to neither in the Eastern District of Texas.

**(1)** **The Defendants are not subject to general jurisdiction in the Eastern District of Texas.**

A court can exercise general jurisdiction only over defendants whose "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[38]  The Supreme Court has held that as a general rule, a corporation is "at home"—and therefore subject to general jurisdiction—only in its "place of incorporation and its principal place of business."[39]  The Supreme Court has instructed that only in an "exceptional case" will a corporation's contacts with a state "be so substantial and of such a nature as to render the corporation at home in that State."[40]

The Defendants admit that they are California corporations and that their principal places of business are in Sacramento, California.[41]  The Defendants have provided no evidence that they have any offices or own any property in the Eastern District of Texas.[42]  Instead, the Defendants

---

[35] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

[36] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016).

[37] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011).

[38] *Id.*

[39] *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

[40] *Id*.

[41] Doc. 32 at 7-10.

[42] Doc. 31; Doc. 42.

13

1   have specifically denied that they regularly conduct business in Texas.[43]   Because the Defendants

2   are not "at home" in the Eastern District of Texas, there is no general jurisdiction over the

3   Defendants in that district.[44]

4           **(2)**      **The Defendants are not subject to specific jurisdiction in the Eastern District of Texas.**

5        "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to

6   adjudication of issues deriving from, or connected with, the very controversy that establishes

7   jurisdiction.[45]   Specific jurisdiction arises when the non-resident defendant has established

8   minimum contacts by purposefully availing itself of the privilege of conducting activities in the

9   jurisdiction, and its liability in the lawsuit arises from or is related to those contacts.[46]   The

10   Supreme Court has emphasized that "the relationship must arise out of contacts that the 'defendant

11   *himself* creates with the forum State.'"[47]

12        This case has nothing to do with the Eastern District of Texas.   None of the parties live

13   there and none of the events related to this case took place in the Eastern District of Texas.   The

14   only "relationship" between this case and the Eastern District of Texas is that the Defendants

15   mistakenly think Houston is in the Eastern District of Texas, instead of the Southern District of

16   Texas.   There are not even any allegations that the Defendants purposefully availed themselves of

17   the privilege of conducting activities in the Eastern District of Texas, let alone any allegations that

18   the Defendants' liability in this lawsuit arises from or is related to any contacts with the Eastern

19

20   [43] Doc. 32 at 8 ("Defendant Confi-Chek, Inc. … specifically denies that it regularly conducts business in Texas"); Doc. 32 at 9 ("Defendant Enformion, Inc. … denies that it regularly conducts business in Texas").

21   [44] *Goodyear Dunlop*, 564 U.S. at 919.

22   [45] *Id.*

   [46] *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

23   [47] *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original).

24

      14

25

District of Texas.[48]  The Defendants, therefore, are not subject to personal jurisdiction in the Eastern District of Texas related to these causes of action.

Because the Defendants are not subject to personal jurisdiction in the Eastern District of Texas related to these causes of action, they are not residents of the Eastern District of Texas for venue purposes.[49]  Venue, therefore, is not proper in the Eastern District of Texas and this case could not have been originally brought there.[50]

### b. None of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

The Defendants do not even allege that any of the "events or omissions giving rise to the claim occurred" in the Eastern District of Texas.  Instead, the Defendants allege that the events took place "in Texas" generally.[51]  The Plaintiffs have not alleged that any of the events or omissions in this case took place in—or had anything to do with—the Eastern District of Texas.[52]  So none of the acts or omissions giving rise to the claim occurred in the Eastern District of Texas.

The Defendants cannot argue that because this is a class action involving Texas-related issues, there will be claims involving the Eastern District of Texas.  The Ninth Circuit has held that only the named parties are considered when determining venue in class actions.[53]  So no events

---

[48] *Id*. at 284; Doc. 26; Doc. 32; Doc. 42.

[49] 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2); 28 U.S.C. § 1391(d).

[50] 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

[51] *See, e.g.*, Doc. 42 at 12.  There is no "property that is the subject of this action."  28 U.S.C. § 1391(b)(2); Doc. 26. And there is certainly no property in the Eastern District of Texas "that is the subject of this action."

[52] Doc. 26.

[53] *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) ("Whether before or after class certification, the claims of unnamed class members can never make permissible an otherwise impermissible venue. Rather, in a class action, the "events" in question are only those involving the named plaintiffs.").

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

or omissions related to any unnamed or putative class members can be considered when determining venue.[54]

Venue, therefore, is not proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(2).

**c.     All of the Defendants reside in this District, so this is not a case where venue is not proper in any district.**

The federal venue rules allow a case to be brought in any district where the defendant is subject to personal jurisdiction when "there is no district in which an action may otherwise be brought."[55]   But that is not the situation here, so that provision does not create venue in the Eastern District of Texas.

All of the Defendants reside in this District.[56]   Under 28 U.S.C. § 1391(b)(1), venue is proper in this District because all Defendants are residents of this District and of the State of California.[57]   So venue is proper in this District.   In addition, the Defendants are not subject to personal jurisdiction in the Eastern District of Texas.[58]

Because venue is proper in this District, this is not a case where "there is no district in which an action may otherwise be brought."   So the catch-all provision in 28 U.S.C. § 1391(b)(3) does not apply and this case could not have been brought in the Eastern District of Texas.

---

[54] *Id*.

[55] 28 U.S.C. § 1391(b)(3).

[56] Doc. 26 at ¶¶ 17-19; Doc. 32 at 7-8 (Defendants' Original Answer).

[57] 28 U.S.C. § 1391(b)(3) (venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

[58] *See* § III(A)(2)(A) above.

16

**B.**   **The motion should be denied even if venue were proper in the Eastern District of Texas, because it is not more convenient for the parties or the witnesses.**

As explained above, this Court should summarily deny the Defendants' motion to transfer venue to the Eastern District of Texas because this case could not have originally been brought in that district.  That is a required element for a § 1404(a) transfer, so the Defendants' motion fails on that ground.[59]

But this Court should deny the motion even if it were to hold that this case could have originally been brought in the Eastern District of Texas, because none of the convenience factors weigh in favor of transfer, while the majority weigh against transfer.  The Defendants, therefore, have not carried their burden of establishing that the convenience factors weigh in favor of transferring this case to the Eastern District of Texas.[60]

**1.**   **The location where the relevant agreements were negotiated and executed is neutral because there are no agreements at issue in the case.**

This case does not involve agreements between the parties, so this factor is neutral.

**2.**   **The state that is most familiar with the governing law is neutral because the Eastern District of Texas has not addressed the Texas statute at issue in this lawsuit.**

The Defendants argue that this factor weighs in favor of transferring this case to the Eastern District of Texas because one of the Plaintiffs' causes of action is based on a Texas statute:  Texas Business and Commerce Code Chapter 109, which applies to "Business Entities Engaged in Publication of Certain Criminal Record or Juvenile Record Information."[61]  But because—by the Defendants' own admission— this statute is "rarely litigated," the Eastern District of Texas has no

---

[59] *CoreLogic Background Data, LLC*, 2018 WL 4352956, at *1.

[60] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

[61] TEX. BUS. & COMM. CODE §§ 109.001-.008; Doc. 26 at ¶¶ 70-76.

17

experience with it, so this factor is neutral.[62]  It is so rarely litigated, that it appears there has been

only one case in Texas federal or state court filed under it—and that case was not in the Eastern

District of Texas. [63]

The Supreme Court has held that when considering which district is most familiar with the

governing law, the question is whether one of the districts "is at home with the law."[64]  While the

Eastern District of Texas may be more familiar with Texas law in general, it has no familiarity

with Texas Business and Commerce Code Chapter 109, and it is certainly not "at home" with that

statute.

As the Defendants admit, there appears to be only one case in Texas ever involving Texas

Business and Commerce Code Chapter 109.[65]  That was *D.K.W. v. Source for PublicData.com,*

*LP*, a case from the Dallas Court of Appeals, one of the Texas intermediate appellate courts.[66]  In

that case, the appellate court held that Texas Business and Commerce Code Chapter 109 applied

---

[62] Doc. 42 at 11.

[63] *D.K.W. v. Source for PublicData.com, LP*, 526 S.W.3d 619 (Tex. App.—Dallas 2017, pet. denied); Doc. 42 at 10-12.  Westlaw's citing references for Texas Business and Commerce Code Chapter 109 show only this case, providing links to the case at various levels and the briefs filed in the case.  Based on Westlaw's extensive coverage, that strongly indicates that *Source for PublicData.com, LP* is the only Texas federal or state case involving Texas Business and Commerce Code Chapter 109.

[64] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013); *see Monastiero v. appMobi, Inc.*, C 13-05711 SI, 2014 WL 1991564, at *3 (N.D. Cal. May 15, 2014) ("the interest in having the trial of a diversity case in a forum that is at home with the law").

[65] Doc. 42 at 10.

[66] *D.K.W. v. Source for PublicData.com, LP*, 526 S.W.3d 619 (Tex. App.—Dallas 2017, pet. denied); http://www.txcourts.gov/5thcoa/.  Westlaw's citing references for Texas Business and Commerce Code Chapter 109 show only this case, providing links to the case at various levels and the briefs filed in the case.  Based on Westlaw's extensive coverage, that strongly indicates that *Source for PublicData.com, LP* is the only Texas state or federal case involving Texas Business and Commerce Code Chapter 109.

18

1   to a defendant that had posted criminal-record information regarding expunged claims on its

2   website.[67]  The Texas Supreme Court denied review in that case last year.[68]

3        The Eastern District of Texas has no experience with Texas Business and Commerce Code

4   Chapter 109.  The only courts that do are the Texas trial court, Texas appellate court, and Texas

5   Supreme Court that actually heard the *Source for PublicData.com* case.  But those courts will not

6   hear this case if it is transferred to the Eastern District of Texas, so their experience with the statute

7   does not weigh in favor of transferring this case.  This Court is as capable as the Eastern District

8   of Texas in interpreting this statute.  And regardless whether this case stays here or is transferred,

9   in any appeal the court of appeals can certify questions regarding interpretation of the statute to

10   the Texas Supreme Court.[69]  The Texas Supreme Court accepts certified questions from the Ninth

11   Circuit.[70]

12        Because the Eastern District of Texas has no experience with Texas Business and

13   Commerce Code Chapter 109, it is not "at home" with the statute.[71]  This factor, therefore, is

14   neutral.

---

20   [67] *Source for PublicData.com*, 526 S.W.3d at 630.

21   [68] *D.K.W. v. Source for PublicData.com, LP*, No. 17-0723 (Tex. 2018) www.search.txcourts.gov/Case.aspx?cn=17-0723&coa=cossup.

22   [69] Tex. R. App. P. 58.1 ("The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent.").

23   [70] *Ojo v. Farmers Group, Inc.*, 356 S.W.3d 421, 423 (Tex. 2011).

24   [71] *Atl. Marine Const. Co., Inc.*, 571 U.S. at 63; *Monastiero*, 2014 WL 1991564, at *3.

19

25   OPPOSITION TO MOTION TO TRANSFER VENUE TO
    EASTERN DISTRICT OF TEXAS

**3.      The Plaintiffs' choice of forum weighs against transferring this case to the Eastern District of Texas.**

The Plaintiffs chose to file suit in this District, so this factor weighs against transferring this case to the Eastern District of Texas.[72]

**4.      The parties' contacts with the forum weigh heavily against transferring this case to the Eastern District of Texas because the Defendants' principal places of business are in Sacramento and no parties have any contacts with the Eastern District of Texas.**

The parties' contacts with the forum weigh heavily against transferring this case to the Eastern District of Texas.  The Defendants are located in this District, so their actions at issue in this lawsuit took place in this District.  None of the Plaintiffs live in the Eastern District of Texas and none of the events related to this lawsuit took place in the Eastern District of Texas.[73]

While the Plaintiffs do live in Texas, they live in the Southern and Western Districts of Texas.[74]  The Eastern District of Texas has literally nothing to do with this case.  This factor weighs heavily against transferring this case to the Eastern District of Texas.

**5.      The contacts relating to the Plaintiffs' causes of action in the chosen forum weigh heavily against transferring this case to the Eastern District of Texas because the Defendants' actions at issue in this case took place in Sacramento and there are no contacts with the Eastern District of Texas.**

None of the parties live in the Eastern District of Texas and none of the events related to this lawsuit took place in the Eastern District of Texas.

The Defendants do not even attempt to argue that any of the contacts related to this case took place in the Eastern District of Texas.  Instead, the Defendants argue that "the relevant

---

[72] The Defendants have argued that this factor is given less weight because this is a class action.  Doc. 42 at 12. Regardless the weight given, it weighs against transferring this case to the Eastern District of Texas.

[73] *See* § I above.

[74] *See id.*

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

1   contacts alleged here occurred in Texas."[75]  But it is not the state that matters in § 1404(a)

2   transfers—it is the district.  Texas has four districts, so contacts with the other three districts are

3   not relevant when deciding whether to transfer this case to the Eastern District of Texas.[76]

4        The only "relationship" between this case and the Eastern District of Texas is that the

5   Defendants mistakenly think that Houston is in the Eastern District of Texas.  It is not.  It is in the

6   Southern District of Texas.[77]

7        The Defendants are located in this District.[78]  So the Defendants' actions in making

8   available the Plaintiffs' incorrect background information that contained the expunged criminal

9   records took place in this District.  This case, therefore, involves no contacts with the Eastern

10  District of Texas, but substantial contacts with this District.

11       This factor weighs heavily against transferring this case to the Eastern District of Texas.

12       **6.      The differences in the costs of litigation in the two forums weighs against
             transferring this case to the Eastern District of Texas because the Defendants
13           are located in this District and none of the parties are located in the Eastern
             District of Texas.**

14       The Defendants reside in this District and none of the parties reside in the Eastern District

15  of Texas.[79]  None of the parties' attorneys live or work in the Eastern District of Texas.[80]

16       It would be more expensive to litigate this case in a district where none of the parties or

17  counsel are located.  If this case were transferred to the Eastern District of Texas, the parties and

18  their counsel would be required to rent locations for depositions and during trial.

19

20  [75] Doc. 42 at 12.

21  [76] 28 U.S.C. § 124 ("Texas is divided into four judicial districts to be known as the Northern, Southern, Eastern, and
    Western Districts of Texas.").

22  [77] Ex. A.

    [78] *See* § I above.

23  [79] *See id.*

24  [80] *See id.*; Doc. 26 at 27-28; Doc. 42 at 16-17.

    21

25  OPPOSITION TO MOTION TO TRANSFER VENUE TO
    EASTERN DISTRICT OF TEXAS

1   This factor, therefore, weighs against transferring this case to the Eastern District of Texas.

2   **7.   The availability of compulsory process to compel attendance of unwilling non-party witnesses weighs against transferring this case because none of the witnesses the Defendants identify are subject to compulsory process in the Eastern District of Texas.**

3

4   The Defendants identify two non-party witnesses whose interests they contend should be

5   considered:  A company called Easy Expunctions, which is located in San Antonio, Texas; and the

6   Texas Department of Public Safety, which is located in Austin, Texas.[81]  Both of those witnesses

7   are located in the Western District of Texas, and neither is located in the Eastern District of

8   Texas.[82]

9   The Eastern District of Texas has six divisions:  Beaumont, Lufkin, Marshall, Sherman,

10   Texarkana, and Tyler.[83]  Each of those locations is more than 100 miles from Austin and San

11   Antonio.[84]  The Fifth Circuit has recognized that courts in the Eastern District of Texas do not

12   have subpoena power over the entire State of Texas.[85]  These non-party witnesses that live and

13   work more than 100 miles from the Eastern District of Texas "are outside the Eastern District's

14   subpoena power for deposition under FED. R. CIV. P. 45(c)(3)(A)(ii), and any trial subpoenas for

15   these witnesses to travel more than 100 miles would be subject to motions to quash under FED. R.

16   CIV. P. 45(c)(3)."[86]  Therefore, none of the witnesses that the Defendants identify are subject to

17   compulsory process in the Eastern District of Texas.

18

19

20   [81] Doc. 42 at 13.

    [82] 28 U.S.C. § 124(d).

21   [83] 28 U.S.C. § 124(c).  The Sherman Division can also hold court in Plano.  28 U.S.C. § 124(c)(3).

22   [84] Ex. A.

    [85] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc).

23   [86] *Id*. (internal quotations omitted).

24

25

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

The Plaintiffs will seek to depose the Defendants' current and former employees and contractors that know about the steps the Defendants took—or did not take—to ensure that the criminal-history data they made available was accurate.  Under the federal Fair Credit Reporting Act, the reasonableness of the Defendants' decisions and actions will be considered,[87] and the amount of damages can vary based on the Defendants' knowledge of the violations.[88]  Under Texas Business and Commerce Code Chapter 109, the steps the Defendants took to "ensure that criminal record information" that it provided "is complete and accurate," and the Defendants' knowledge of the expunction orders are at issue.[89]

Because the Defendants' principal places of business are in Sacramento, it is likely that most of those witnesses will be in the Sacramento area.  If compulsory process is needed, it will be available from this Court.

This factor weighs against transferring this case to the Eastern District of Texas, because the witnesses the Defendants identified are not subject to compulsory process in the Eastern District of Texas, but likely witnesses are subject to compulsory process in this District.

---

[87] Doc. 26 at 24 (alleging violation of 15 U.S.C. § 1681e(b)); 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.").

[88] Doc. 26 at 25 (seeking damages under 15 U.S.C. § 1681n); 15 U.S.C. § 1681n ("Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.").

[89] Doc. 26 at 25 (alleging violations of Texas Business and Commerce Code Chapter 109); TEX. BUS. & COM. CODE § 109.003(a) ("A business entity must ensure that criminal record information the entity publishes is complete and accurate."); TEX. BUS. & COM. CODE § 109.005(a) ("A business entity may not publish any criminal record information in the business entity's possession with respect to which the business entity has knowledge or has received notice that: (1) an order of expunction has been issued under Article 55.02, Code of Criminal Procedure").

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

**8.      The ease of access to sources of proof weighs against transferring this case to the Eastern District of Texas.**

The main evidence in this case will come from the Defendants' computer systems and the Defendants' employees.[90]   The Defendants are all based in this District, so this District will be convenient for accessing the sources of proof.

None of the parties or witnesses live in the Eastern District of Texas.[91]   The Defendants have not identified any evidence located in the Eastern District of Texas, and the Plaintiffs are not aware of any evidence located there.   So the Eastern District of Texas will not be convenient for accessing the sources of proof.

As discussed above, the Plaintiffs will seek to depose the Defendants' current and former employees and contractors regarding the Defendants' handling of criminal-history data, which is relevant under both the federal Fair Credit Reporting Act and Texas Business and Commerce Code Chapter 109.[92]   Because the Defendants' principal places of business are in Sacramento, it is likely that most of those witnesses will be in the Sacramento area.   So many, if not most, of the witnesses will be located in this District.

This factor weighs against transferring this case to the Eastern District of Texas.

\* \* \*

Considering all of these factors together, the factors weigh heavily against transferring this case to the Eastern District of Texas.   Of eight factors, five weigh against transferring this case to the Eastern District of Texas and none weigh in favor.   Three are neutral.   This Court, therefore,

---

[90] *See* Doc. 42-3.

[91] *See* § I above.

[92] *See* § III(B)(7) above.

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

should deny the Defendants' motion because they have not carried their burden of establishing that the convenience factors weigh in favor of transferring this case to the Eastern District of Texas.[93]

### IV.     Conclusion

The Defendants have not met the requirements to transfer this case to the Eastern District of Texas under 28 U.S.C. § 1404(a) because:

- Venue is not proper in the Eastern District of Texas; and

- Even if venue were proper in the Eastern District of Texas, the convenience factors weigh heavily against transferring this case to a district with no connection to the parties, the witnesses, or the dispute.

This Court, therefore, should deny the Defendants' motion to transfer this case to the Eastern District of Texas.

Dated this 22nd day of February, 2019.

Respectfully Submitted,


By: _David George_____

Stephanie R. Tatar – State Bar No. 237792
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

---

[93] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

OPPOSITION TO MOTION TO TRANSFER VENUE TO
EASTERN DISTRICT OF TEXAS

David George, Esq.
*Admitted Pro Hac Vice*
BAKER WOTRING LLP
700 JP Morgan Chase Tower
600 Travis Street
Houston, TX  77002
Telephone: 713-980-1700
Facsimile: 713-980-1701
Email: dgeorge@bakerwotring.com

Kevin D. Green, Esq.
*Pro Hac Vice Application Forthcoming*
CONSUMER ADVOCATE OFFICE OF KEVIN GREEN
800 Brazos St. Suite 1309
Austin, TX 78701
Telephone: (512) 695-3613
Email: kevingreen68@gmail.com

Thomas J. Lyons Jr., Esq.
*Admitted Pro Hac Vice*
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651)704-0907
Email: tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFFS*

26