1  SEYFARTH SHAW LLP
   Pamela Q. Devata (pro hac vice)
2  pdevata@seyfarth.com
   John W. Drury (pro hac vice)
3  jdrury@seyfarth.com
   233 South Wacker Drive, Suite 8000
4  Chicago, Illinois 60606-6448
   Telephone:   (312) 460-5000
5  Facsimile:    (312) 460-7000

6  SEYFARTH SHAW LLP
   Christopher J. Truxler (SBN# 282354)
7  ctruxler@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California 95814
   Telephone: (916) 448-0159
9  Facsimile:  (916) 558-4839

10 SEYFARTH SHAW LLP
   Christopher Lee (SBN# 234639)
11 chlee@seyfarth.com
   2029 Century Park East, Suite 3500
12 Los Angeles, California 90067
   Telephone: (310) 201-1589
13 Facsimile:  (310) 201-5219

14 Attorneys for Defendants
   Confi-Chek, Inc. d/b/a Peoplefinders.com and d/b/a Advanced Background
15 Checks; and Enformion, Inc.

16                    **UNITED STATES DISTRICT COURT**

17                    **EASTERN DISTRICT OF CALIFORNIA**

18

19 DAVID GARZA, NASER ALZER,              Case No. 2:18-cv-01968-KJM-EFB
   KIMBERLY KENNEDY,
20 AMANDEEP SINGH, SAMAH                  The Honorable Kimberly J. Mueller
   HAIDER, ON BEHALF OF
21 THEMSELVES AND OF OTHER                Magistrate Judge Edmund F. Brennan
   SIMILARLY SITUATED,
22                                        **REQUEST FOR JUDICIAL NOTICE IN**
              Plaintiffs,                 **SUPPORT OF DEFENDANTS' MOTION**
23                                        **TO TRANSFER VENUE TO THE**
         vs.                              **SOUTHERN DISTRICT OF TEXAS**
24
   CONFI-CHEK, INC., A HOLDING            Complaint Filed: July 16, 2018
25 COMPANY FOR
   PEOPLEFINDERS.COM;
26 ENFORMION, INC.; AND
   ADVANCED BACKGROUND
27 CHECKS,

28            Defendants.

---

REQUEST FOR JUDICIAL NOTICE

1

## REQUEST FOR JUDICIAL NOTICE

2    Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact

3 that is not subject to reasonable dispute because it: (1) is generally known within the court's

4 territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

5 accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Rule of Evidence 201

6 permits a court to take judicial notice of undisputed matters of public record, including

7 documents on file in federal or state courts. *Harris v. Orange*, 682 F.3d 1126, 1132 (9th

8 Cir. 2012).

9    Under this standard, Defendants Confi-Chek, Inc. d/b/a Peoplefinders.com and d/b/a

10 Advanced Background Checks and Enformion, Inc. request that the Court take judicial

11 notice of an order issued by Chief District Judge Lawrence O'Neill in 2017 in the matter

12 of *Morrison, et al. v. Devry University, Inc. et al.*, 17-cv-00743-LJO-JLT, Dkt. No. 12.  A

13 true and correct copy of the order is attached hereto as <u>Exhibit A</u>.

14

15 DATED: February 25, 2019           Respectfully submitted,

SEYFARTH SHAW LLP

16

17 By: /s *Christopher Lee*

Pamela Q. Devata
18 John W. Drury
Christopher J. Truxler
19 Christopher Lee
Attorneys for Defendants

20

21

22

23

24

25

26

27

28

1

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS MORRISON, individually and on behalf of all other similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DEVRY UNIVERSITY, INC., and DOES 1-10, inclusive,**<br><br>**Defendants.** | **1:17-cv-00743-LJO-JLT**<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CLAIMS UNDER THE RFDCPA** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

1   visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a

2   U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

4           This case involves claims for alleged violations of the Rosenthal Fair Debt Collection Practices

5   Act ("RFDCPA"), Cal. Civil Code. § 1788 *et seq.*, and the Servicemembers Civil Relief Act ("SCRA").

6   50 U.S.C. § 3901 *et seq.* On June 6, 2017, Defendant DeVry University, Inc. ("Defendant") filed a

7   motion to dismiss the RFDCPA claims. CM/ECF Document No. ("Doc.") 5. Plaintiff filed an opposition

8   on July 10, 2017. Doc. 6. Defendant filed a reply on July 17, 2017. Doc. 7. For the following reasons,

9   Plaintiff's RFDCPA claims are DISMISSED.

## III. BACKGROUND

11          The following facts are drawn from the complaint and filings in this matter, and are accepted as

12  true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

13  2009). Plaintiff is a retired member of the armed services of the United States. Doc. 1 at 26, ¶ 4. Plaintiff

14  was eligible for fully paid tuition at any college, university, or trade school through the Veterans

15  Administration. *Id*. Plaintiff attended DeVry University, a for-profit university. *Id*. at 25, ¶ 3; 26, ¶ 5. On

16  February 3, 2017, Defendant mailed to Plaintiff one or more collection letters ("the letters") attempting

17  to collect a purported $60 debt which Defendant asserted was in default. *Id*. at 11, ¶¶ 15-16. In the

18  letters, Defendant stated that "it is our intent to notify a national credit bureau that you are in default of

19  your Devry [*sic*] University account" and that "[t]his notification could have an adverse effect on you

20  when applying for a personal loan or credit cards." *Id*. at 11, ¶¶ 18-19 (emphasis omitted). Defendant

21  also stated in the letters "I sincerely hope that you response [*sic*] because we do not like to adopt such

22  drastic procedures that could have serious consequences and could result in unnecessary expense." *Id*. at

23  12, ¶ 20. The letters did not contain any statement of Plaintiff's rights under the RFDCPA or the Fair

24  Debt Collection Practices Act ("FDCPA"), including Plaintiff's right to dispute the debt and right to a

25  verification of the debt if the debt is disputed. *Id*. at ¶¶ 21-24. The letters also stated that "legal action is

2

1    being considered as state law applies." *Id*. at ¶ 25.

2           Plaintiff filed a complaint, alleging that the letters constituted violations of the RFDCPA, in the

3    Superior Court of the State of California for the County of Kern ("Kern County Superior Court") on

4    April 14, 2017. Doc. 1 at 8. On April 21, 2017, Plaintiff filed a separate complaint alleging violation of

5    the SCRA in Kern County Superior Court, alleging that Defendant had acknowledged Plaintiff's

6    military enlistment and agreed not to charge him directly for tuition. Doc. 1 at 25-27. On May 20, 2017,

7    the Kern County Superior Court consolidated the RFDCPA and SCRA cases. Doc. 1 at 32. Also on May

8    30, 2017, Defendant filed a notice of removal of the consolidated case. Doc. 1.

9                              **IV. <u>STANDARD OF DECISION</u>**

10          A Rule 12(b)(6) motion challenges the legal sufficiency of the opposing party's pleadings.

11   Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

12   theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

13   *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to

14   state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed

15   in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38

16   (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch*

17   *Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

18          To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim

19   to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

20   plausible on its face when "the plaintiff pleads factual content that allows the court to draw the

21   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

22   662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant

23   has acted unlawfully." *Id*. A claim which is possible but not supported by enough facts to "nudge [it]

24   across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

25          A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a

3

1  plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

2  conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555

3  (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential

4  allegations respecting all the material elements necessary to sustain recovery under some viable legal

5  theory." *Id.* at 562. To the extent that any defect in the pleadings can be cured by the allegation of

6  additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly

7  be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,

8  911 F.2d 242, 247 (9th Cir. 1990). In determining whether amendment would be futile, the court

9  examines whether the complaint could be amended to cure the defect requiring dismissal "without

10  contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d

11  291, 296 (9th Cir. 1990). Leave to amend should be freely given "when justice so requires," Fed. R. Civ.

12  P. 15, taking into account the purpose of Rule 15 to "facilitate decision on the merits, rather than on the

13  pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

14  ## V. <u>ANALYSIS</u>

15  Plaintiff alleges that Defendant violated the RFDCPA by engaging in conduct prohibited by

16  sections of the FDCPA, specifically conduct prohibited by 15 U.S.C. §§ 1692d, 1692g(a)(3)-(4), and

17  1692e(4)-(5). Doc. 1 at 17-18, ¶¶ 42-43. The RFDCPA requires compliance with the provisions of the

18  FDCPA, and a plaintiff may state a claim for violation of the RFDCPA by showing that a defendant

19  violated provisions of the FDCPA, subject to statutory limitations. Cal. Civ. Code § 1788.17; *Riggs v.*

20  *Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). As a general rule, whether an act "violates the

21  [RFDCPA] turns on whether it violates the FDCPA." *Riggs*, 681 F.3d at 1100.

22  One important distinction between the RFDCPA and the FDCPA is how each defines a debt

23  collector. A "debt collector," as defined in the RFDCPA, includes "any person who, in the ordinary

24  course of business, regularly, on behalf of himself or herself or others, engages in debt collection," and

25  therefore includes those collecting debts on their own behalf. Cal. Civ. Code § 1788.2(c); *Masuda v.*

4

1   *Citibank, N.A.*, 38 F. Supp. 3d 1130, 1134 (N.D. Cal. 2014). The FDCPA, on the other hand, designates

2   as debt collectors only those persons who are attempting to collect on an obligation originally owed to

3   another person. 15 U.S.C. § 1692a(6). The RFDCPA's definition of debt collector is therefore "broader

4   and more inclusive than under the FDCPA because it allows for those collecting debts on their own

5   behalf to be considered 'debt collectors.'" *Masuda*, 38 F. Supp. 3d at 1134.

6   **A.      RFDCPA Claim Premised on 15 U.S.C. § 1692g**

7          Defendant argues that Plaintiff's claims for violation of the RFDCPA due to non-compliance

8   with §1692(g) must be dismissed because Plaintiff has not pled a cognizable claim. Doc. 5-1 at 10.

9   Defendant, citing California Civil Code § 1788.17, asserts that the RFDCPA specifically exempts

10  entities attempting to collect their own debts from compliance with § 1692g. *Id*. at 9-10. Plaintiff offers

11  no rebuttal to Defendant's RFDCPA arguments. Doc. 6 at 11-14.[1]

12         Section 1692g requires a debt collector to provide to a consumer, within five days after an initial

13  communication, a written notice including:

14         (1) the amount of the debt;

15         (2) the name of the creditor to whom the debt is owed;

16         (3) a statement that unless the consumer, within thirty days after receipt of the notice,
       disputes the validity of the debt, or any portion thereof, the debt will be assumed to be
17         valid by the debt collector;

18         (4) a statement that if the consumer notifies the debt collector in writing within the thirty-
       day period that the debt, or any portion thereof, is disputed, the debt collector will obtain
19         verification of the debt or a copy of a judgment against the consumer and a copy of such
       verification or judgment will be mailed to the consumer by the debt collector; and

20         (5) a statement that, upon the consumer's written request within the thirty-day period, the
21         debt collector will provide the consumer with the name and address of the original
       creditor, if different from the current creditor.

22  15 U.S.C. § 1692g(a). The notice required by § 1692g "is commonly referred to as a 'validation'

23

24  ───────────────────────

25  [1] Plaintiff argues in his opposition that Defendant is liable for violations of § 1692g under the FDCPA, but Plaintiff's
    complaint does not allege any violations of the FDCPA, except as incorporated by the RFDCPA. Doc. 1 at 8-12; Doc. 6 at
    11-14.

1   notice." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 991 (9th Cir. 2017).

2          The RFDCPA provides that debts collectors, including creditors collecting their own debts, must

3   generally comply with the provisions of the FDCPA, but exempts "any person specified in paragraphs

4   (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's

5   principal." *Id*. The persons specified in the aforementioned paragraphs are "any officer or employee of a

6   creditor while, in the name of the creditor, collecting debts for [a creditor named in § 1692a(6)]," and

7   "any person while acting as a debt collector for another person, both of whom are related by common

8   ownership or affiliated by corporate control, if the person acting as a debt collector does so only for

9   persons to whom it is so related or affiliated and if the principal business of such person is not the

10  collection of debts." 15 U.S.C. § 1692a(6)(A)-(B). In plain English, § 1692a(6)(A) refers to "creditors

11  collecting money on their own behalf." *Marcotte v. General Elec. Capital Servs.*, 709 F. Supp. 2d 994,

12  998 (S.D. Cal. 2010). In enacting the RFDCPA, California elected to require that creditors collecting

13  their own debt comply with the FDCPA generally but chose not to require compliance with the initial

14  disclosure and debt validation provisions found at § 1692e(11) and § 1692(g), respectively. The

15  RFDCPA, therefore, does not require that entities collecting on their own debts comply with § 1692g.

16  As Defendant was collecting its own debt, and is therefore not subject to § 1692g under the RFDCPA,

17  Plaintiff's RFDCPA claim premised on violations of § 1692g are DISMISSED. Amendment of this

18  claim would be futile, and leave to amend is consequently denied. *See Bonin v. Calderon*, 59 F.3d 815,

19  845 (9th Cir. 1995).

20  **B.   RFDCPA Claim Premised on 15 U.S.C. §§ 1692e(4) and (5)**

21         Defendant contends that Plaintiff has failed to state a claim for violation of the RFDCPA under

22  15 U.S.C. §§ 1692e(4) and (5), arguing that the complaint does not plead facts establishing a violation of

23  either section. Doc. 5-1 at 11. Plaintiff argues that by including the statement "I sincerely hope that you

24  response [*sic*] because we do not like to adopt such drastic procedures that could have serious

25  consequences and could result in unnecessary expense" the letters threaten litigation which Defendant

6

1    did not intend to initiate. Doc. 6 at 16-18. Defendant also argues that Plaintiff did not address its

2    arguments regarding § 1692(e)(4), and has therefore waived the claim. Doc. 7 at 4-5.

3          As a preliminary matter, while Plaintiff did not respond in any great detail to Defendant's

4    arguments regarding § 1692e(4), Plaintiff did briefly touch on that subsection and on the allegations

5    which he believes constitute a violation. *See* Doc. 6 at 15. Therefore, the Court finds that Plaintiff has

6    not waived his §1692e(4) claim.

7          Section 1692e, as applied through the RFDCPA, bars debt collectors from using "any false,

8    deceptive, or misleading representation or means in connection with the collection of any debt." 15

9    U.S.C. § 1692e. Specific conduct prohibited by § 1692e includes, but is not limited to, "[t]he

10   representation or implication that nonpayment of any debt will result in the arrest or imprisonment of

11   any person or the seizure, garnishment, attachment, or sale of any property or wages of any person

12   unless such action is lawful and the debt collector or creditor intends to take such action," and "[t]he

13   threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§

14   1692e(4)-(5).

15         In considering whether a statement in a debt collection communication violates the FDCPA,

16   courts apply the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d

17   926, 934 (9th Cir. 2007). "An FDCPA plaintiff need not even have actually been misled or deceived by

18   the debt collector's representation; instead, liability depends on whether the hypothetical 'least

19   sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109,

20   1117-18 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014). "The

21   standard is designed to protect consumers of below average sophistication or intelligence, or those who

22   are uninformed or naïve, particularly when those individuals are targeted by debt collectors." *Gonzales*

23   *v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (internal quotation marks and citation

24   omitted). "At the same time, the standard preserv[es] a quotient of reasonableness and presume[s] a

25   basic level of understanding and willingness to read with care." *Id.* (internal quotation marks and

1  citation omitted). "The FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,'

2  or 'peculiar' misinterpretations." *Id.* Whether a communication would confuse the least sophisticated

3  debtor is a question of law. *Id.* at 1061 & n.3 (citation omitted); *see also Tourgeman*, 755 F.3d at 1118

4  (holding that the "least sophisticated debtor" standard "inquiry is objective and is undertaken as a matter

5  of law"); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (same).

6       Only false and misleading statements that are material will trigger a violation of the FDCPA.

7  Such statements must be "genuinely misleading" and "frustrate the consumer's ability to intelligently

8  choose his or her response to the collector's communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d

9  1027, 1033-34 (9th Cir. 2010); *see also Tourgeman*, 755 F.3d at 1119 ("[i]n assessing FDCPA liability,"

10  courts are concerned "with genuinely misleading statements that may frustrate a consumer's ability to

11  intelligently choose his or her response") (internal quotation marks and citation omitted).

12       The Court finds that Plaintiff's complaint does not allege sufficient facts to state claims for

13  violations of §1692e(4) and § 1692e(5). To survive a Rule 12(b)(6) motion, a complaint must allege

14  "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The

15  "least sophisticated debtor" could reasonably have taken Defendant's statement that "we do not like to

16  adopt such drastic procedures that could have serious consequences and could result in unnecessary

17  expense" and that "legal action is being considered as state law applies" as implying that legal action or

18  actions including garnishment or seizure of Plaintiff's wages or property. However, threats to sue or of

19  garnishment are prohibited by the FDCPA only if the threatening party has no legal right to take such

20  actions. *See* 15 U.S.C. §§ 1692e(4)-(5). Plaintiff does not allege any facts which would allow the Court

21  to determine whether Defendant's alleged threats were unlawful or that Defendant had no intention of

22  acting on them, apart from a conclusory statement that "Defendant threatened to take actions that are not

23  lawful or that Defendant has no intent on [*sic*] taking." Doc. 1 at 13 ¶ 26. This conclusory statement

24  does not meet the pleading requirements of Rule 8(a)(2), and accordingly Plaintiff has failed to state a

25  claim for violations of §§ 1692e(4) and (5). These claims are DISMISSED with leave to amend.

**C.      RFDCPA Claim Premised on 15 U.S.C. § 1692d**

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This may include using threats, profane language, advertisements to sell the debt to coerce payment, and repeatedly placing phone calls with intent to harass or annoy. *See id.*

Plaintiff's sole factual allegation related to this claim is that "as a direct and proximate result of Defendants [*sic*] RFDCPA violations, Plaintiff felt harassed, anxious, and annoyed." Doc 1 at 12 ¶ 26. This is not a sufficiently detailed factual allegation to meet the pleading requirement of Rule 8(a)(2). Therefore, the Court finds that Plaintiff has failed to state a claim for violation of § 1692d. This claim is DISMISSED with leave to amend.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's RFDCPA claim premised on 15 U.S.C. § 1692g is DISMISSED WITHOUT LEAVE TO AMEND. Plaintiff's RFDCPA claim premised on 15 U.S.C. §§ 1692e(4) and (5), as well as Plaintiff's RFDCPA claim premised on 15 U.S.C. § 1692d, are DISMISSED WITH LEAVE TO AMEND as explained above. Any amended complaint shall be filed within twenty (20) days of electronic service of this Memorandum Decision and Order.

IT IS SO ORDERED.

Dated:   **August 25, 2017**                    **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE

9